COMMONWEALTH *vs.* ROBERT J. RILEY.

Barnstable.    December 5, 1955. — January 3, 1956.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Practice, Criminal,* Issuance of process, Waiver.  *Judge.  Waiver.*

G. L. (Ter. Ed.) c. 218, § 35A, as appearing in St. 1945, c. 293, does not give one against whom a complaint has been received in a District Court a right to cross-examine witnesses at a hearing on the issuance of process on the complaint.  [415–416]

A judge of a District Court who ordered the issuance of process on a complaint after denying the prospective defendant the right to cross-examine witnesses at a hearing on the issuance of process was not thereby disqualified from hearing the case on the merits.  [416]

By a plea of not guilty to a complaint in a District Court, the defendant waived the point that he had been refused the right to cross-examine witnesses at a hearing on the issuance of process, and was not entitled to raise that point for the first time in the Superior Court on appeal.  [416–417]

COMPLAINT, received and sworn to in the First District Court of Barnstable on November 8, 1954.

On appeal to the Superior Court, certain matters stated in the opinion were heard by *Gadsby, J.,* a District Court judge sitting under statutory authority.

*James H. Flanagan,* for the defendant.

*John P. Sylvia, Jr.,* Assistant District Attorney, for the Commonwealth.

WHITTEMORE, J.   Prior to the trial of the defendant in the Superior Court, the presiding judge, acting under G. L. (Ter. Ed.) c. 278, § 30A, inserted by St. 1954, c. 528, reported to this court certain questions of law.

The defendant appealed to the Superior Court from a judgment of the First District Court of Barnstable finding him guilty of operating a motor vehicle negligently so that the lives or safety of the public might be endangered.

Before filing a general plea of not guilty in the Superior Court the defendant filed a motion to quash and a plea in abatement, each grounded on the allegations (1) that the District Court judge had refused him the right through counsel to cross-examine witnesses at the hearing on the issuance of process on the complaint — a right alleged to be given by G. L. (Ter. Ed.) c. 218, § 35A, as appearing in St. 1945, c. 293, and the Constitutions of the Commonwealth and the United States — and (2) that the judge who had ordered the issuance of process refused to disqualify himself from hearing the case.

The judge in the Superior Court denied the motion and overruled the plea.   His action was grounded on the principle that the general plea of not guilty in the District Court admitted the genuineness of the complaint and he ruled that the points had been waived.

There was no error.

Even had the points been seasonably taken, they lack substance.   The subject statute, G. L. (Ter. Ed.) c. 218, § 35A,[1] does not give the prospective defendant the right

---

[1] "If a complaint for a misdemeanor is received by a district court, or by a justice, associate justice or special justice thereof, or by a clerk, assistant clerk, temporary clerk or temporary assistant clerk thereof under section thirty-two, thirty-three or thirty-five, as the case may be, the person against whom such complaint is made, shall, if not under arrest for the offence for which the

to cross-examine witnesses. This statute means only what it says, namely, "the person against whom such complaint is made, shall . . . upon request in writing, seasonably made, be given an opportunity to be heard personally or by counsel in opposition to the issuance of any process based on such complaint." The statute, first enacted in 1943 in permissive form, gave a statutory basis for a practice sometimes theretofore followed by the judge or clerk of allowing the attorney for the prospective defendant to state relevant circumstances which might be thought to bear on the propriety of the issuance of process.

The motion and the plea asserted that the defendant and his counsel were present at the hearing on the issuance of process. There is no claim that they were denied an opportunity to be heard otherwise than by the denial of permission to cross-examine witnesses. The defendant cites G. L. (Ter. Ed.) c. 276, § 38,[1] in support of his point and no other statute and no constitutional provision. The cited statute does not apply to a hearing on the issuance of process on a complaint. The context of this section confirms that it is referring to proceedings after process has issued for the apprehension of persons charged with crime. G. L. (Ter. Ed.) c. 276, §§ 21–42. See *Commonwealth* v. *Dillane*, 11 Gray, 67, 71.

The defendant cites no authority to support his point that the District Court judge was disqualified. There is nothing in this.

In any event the points were waived by the plea of not

---

complaint is made, upon request in writing, seasonably made, be given an opportunity to be heard personally or by counsel in opposition to the issuance of any process based on such complaint." As first enacted (St. 1943, c. 349, § 1) there was a second sentence reading, "Failure to permit such person to be present and heard as aforesaid shall not invalidate any process issued thereon." Also the first sentence did not contain the words "for a misdemeanor" or "associate justice," and the verb was "may," not "shall."

[1] "The court or justice before whom a person is taken upon a charge of crime shall, as soon as may be, examine on oath the complainant and the witnesses for the prosecution, in the presence of the defendant, relative to any material matter connected with such charge. After the testimony to support the prosecution, the witnesses for the prisoner, if any, shall be examined on oath, and he may be assisted by counsel in such examination and in the cross examination of the witnesses in support of the prosecution."

guilty in the District Court. See *Lebowitch, petitioner,* 235 Mass. 357, 363; *Commonwealth* v. *Homer,* 235 Mass. 526, 537; *Commonwealth* v. *Lombardo,* 271 Mass. 41, 44; *Commonwealth* v. *Ventura,* 294 Mass. 113, 120. This was not in the nature of a formal defect apparent on the face of the process, objection to which is raised by a motion to quash, or a demurrer. G. L. (Ter. Ed.) c. 278, § 17. It may be noted, however, that such formal defects also must be raised before judgment is rendered by the District Court or trial justice and may not be taken for the first time in the Superior Court. *Commonwealth* v. *Markarian,* 250 Mass. 211, 213. *Commonwealth* v. *Moscatiello,* 257 Mass. 260.

The oral request at the hearing on the issuance of process was of course not the equivalent of an appropriate plea, filed in the District Court after process issued and before the general plea of not guilty. There is nothing in the suggestion that a written plea would have been abortive because the trial judge also presided at the hearing on the issuance of process.

*Denial of motion to quash and overruling of plea in abatement affirmed.*