COMMONWEALTH *vs.* JAMES D. WADE.

Essex.    December 6, 1976. — March 4, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Criminal,* Issuance of process.   *Motor Vehicle,* Citation for violation of motor vehicle law.   *Statute,* Construction.

A defendant charged with violations of G. L. c. 90, § 24 (2) (*a*), was not entitled to a hearing prior to the issuance of a summons where he failed to file a timely request under c. 90, § 1; the reference in c. 90C, § 1, to c. 218, § 35A, specifies only the type of hearing which must be afforded offenders against whom a citation has issued and does not invalidate the time limit set forth in c. 90C, § 1. [92-95]

Two COMPLAINTS received and sworn to in the District Court of Southern Essex on January 13, 1975.

A motion to dismiss was heard by *Newth,* J.

On appeal to the First District Court of Essex, a motion to dismiss was heard by *Flynn,* J., and the cases were tried before him.

*Sumner H. Smith* for the defendant.

*Paul Cunney,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J.    The defendant was convicted on two complaints charging violations of G. L. c. 90, § 24 (2) (*a*), in that he operated his motor vehicle negligently so that the lives and safety of the public might be endangered and that after knowingly causing bodily injury he failed to stop and make known his name, address, and the registration

number of his motor vehicle. His primary contention in this appeal is that he was entitled to have the complaints against him dismissed because the District Court of Southern Essex failed to grant him a preliminary hearing pursuant to his written request prior to the issuance of a summons. We conclude there was no error.

The offenses in question occurred on January 4, 1975, and the defendant was given a citation setting forth the violations on the same day. Before summons was issued, the defendant by counsel on January 9, 1975, requested a preliminary hearing on the complaints in writing by certified mail, return receipt requested. The application for hearing was received by the clerk's office on January 10, 1975.

No hearing was held, and on January 13, 1975, process issued and summons was served on the defendant. Prior to trial the defendant filed a motion to dismiss on the ground that he had been denied a preliminary hearing. The motion was denied, and the defendant was found guilty on both complaints. The defendant claimed an appeal to a six-man jury in the First District Court of Essex and again filed a motion to dismiss on the same ground, which was again denied. The jury found the defendant guilty on both complaints.

The resolution of the issue before us is a function of the interrelationship of two separate statutory provisions. General Laws c. 218, § 35A, allows a seasonable time for requesting a preliminary hearing on a misdemeanor complaint if process has not issued, and G. L. c. 90C, § 1, specifies a twenty-four hour time limit for such request where citation is made for an automobile law violation. General Laws c. 218, § 35A, as appearing in St. 1945, c. 293, provides: "If a complaint for a misdemeanor is received by a district court, or by a justice ... thereof, or by a clerk ... as the case may be, the person against whom such complaint is made, shall, if not under arrest for the offence for which the complaint is made, upon request in writing, seasonably made, be given an opportunity to be heard personally or by counsel in opposition to the issuance of

any process based on such complaint." However, G. L. c. 90A, § 1, as amended through St. 1967, c. 350, § 3, defines citation as "a notice upon which a police officer shall record an occurrence involving one or more automobile law violations by the person cited.... The citation to be given to the offender shall have printed thereon a statement that the person cited therein shall, if he so requests in writing to the appropriate court within twenty-four hours of the alleged violation, be granted a hearing on said violation before any process shall issue, as provided in section thirty-five A of chapter two hundred and eighteen."[1]

The defendant contends that his request for a preliminary hearing was wrongly denied because, while he did not comply with the time limit of G. L. c. 90C, § 1, his request was timely under G. L. c. 218, § 35A. We must determine which of these time periods applies to requests for hearings after the issuance of a citation for a violation of the automobile law.

Chapter 90C, added by St. 1962, c. 789, § 2, was enacted to provide a uniform manner of proceeding against automobile law violators.[2] The twenty-four hour time limit for requesting a preliminary hearing was added by St. 1965, c. 692, § 2.[3] This statute postdates G. L. c. 218, § 35A, which

---

[1] Subsequent to the proceedings in the case now before us, G. L. c. 90C, § 1, was amended by St. 1975, c. 418, to allow a four-day period for requesting a hearing where citation has been made for an automobile law violation.

[2] Automobile law violation is defined as "any violation of any statute, ordinance, by-law or regulation relating to the operation or control of motor vehicles other than a violation (1) of any rule, regulation, order, ordinance or by-law regulating the parking of motor vehicles ... or (2) of any provision of chapter one hundred and fifty-nine B." G. L. c. 90C, § 1, as appearing in St. 1967, c. 432, § 2.

[3] We note that under G. L. c. 90C, § 1, the twenty-four hour period begins to run at the time of the alleged violation. General Laws c. 90C, § 2, plainly comprehends a system in which citations will be issued at the time of the violation so that the twenty-four hour period will run from the happening of two essentially concurrent events. General Laws c. 90C, § 2, as amended through St. 1968, c. 725, § 2, provides that "failure to give the original of the citation to the offender at the time and place of the violation shall constitute a defense in any trial for such offense, except where the violator could not have been stopped or

was added by St. 1943, c. 349, § 1, and amended only once, by St. 1945, c. 293. In this case we need not rely on the often repeated presumption of statutory construction that the Legislature was aware of preexisting legislation when it made subsequent enactments. See, e.g., *Mathewson* v. *Contributory Retirement Appeal Bd.*, 335 Mass. 610, 614 (1957); *Devney's Case*, 223 Mass. 270, 271 (1916). Here the Legislature made specific reference to G. L. c. 218, § 35A, in G. L. c. 90C, § 1, indicating that the statutes were to be read together as a consistent whole, which is the course that this court must take if such a result is possible.

The defendant argues that the statutes are mutually inconsistent. However, we conclude that the statutes may be reconciled so that inconsistency is avoided. The express reference in G. L. c. 90C, § 1, to the more general statute does not by its terms incorporate the entirety of the earlier statute, and such manifest inconsistency will not be attributed to the Legislature.

Rather, the reference to G. L. c. 218, § 35A, in G. L. c. 90C, § 1, is intended to specify the type of hearing which will be afforded to alleged offenders against whom a citation has issued on request in writing within twenty-four hours, namely, the type of hearing contemplated by the earlier statute, "an opportunity to be heard personally or by counsel in opposition to the issuance of any process based on such ... [citation]." See, e.g., *Commonwealth* v. *Riley*, 333 Mass. 414 (1956). The time limit of G. L. c. 90C, § 1, is applicable only to a special category of the misdemeanors which would otherwise be governed by G. L. c. 218, § 35A. No issue is before us with respect to the power of the Legislature to provide different time limits for

where additional time was reasonably necessary to determine the nature of the violation or the identity of the offender or where the court finds that some circumstance, not inconsistent with the purpose of this section, namely, to cause violators of automobile law to be brought uniformly to justice, justifies the failure." While the issue of when the twenty-four hour period begins to run in the event that the citation is not issued immediately is not before us in this case, we assume that in such cases the Legislature intended the period to run from the receipt of the citation by the alleged offender.

requesting preliminary hearings for different categories of misdemeanor offenses, and its intent to do so in this case is manifested by the terms of the later statute, since it is evident that the Legislature was aware of the broader time limit of § 35A.[4]

The construction urged by the defendant would render void the twenty-four hour time limit of G. L. c. 90C, § 1. A statute should be construed to avoid rendering its words meaningless. See, e.g., *Commonwealth* v. *Brooks*, 366 Mass. 423, 433 (1974); *A Juvenile, petitioner*, 364 Mass. 531, 536 (1974). Were we to construe the statute to allow G. L. c. 218, § 35A, to operate in the context of preliminary hearings after issuance of citations for automobile law violations, the twenty-four hour time limit of G. L. c. 90C, § 1, would become a useless legislative exercise. The Legislature clearly intended that a twenty-four hour limit be imposed to effectuate the purpose of G. L. c. 90C, § 2, "to cause violators of automobile law to be brought uniformly to justice." We conclude that the defendant's motion to dismiss was properly denied as he failed to comply with the provisions of G. L. c. 90C, § 1.

The defendant raises two additional contentions in his bill of exceptions: (1) that statements made by the defendant to police officers should have been suppressed, and (2) that his motion for directed verdicts should have been granted because there was insufficient evidence to go to the jury on either complaint. The only facts before us are those stated in the bill of exceptions.

The judge found that the statements made by the defendant to the police were voluntary and given after the defendant had received full Miranda warnings. Relevant facts are not summarized in the bill of exceptions. Thus,

---

[4] The defendant's contentions might fare no better if an irreconcilable inconsistency existed. "If a general statute and a specific statute cannot be reconciled, the general statute must yield to the specific statute. This is particularly true where, as here, the specific statute was enacted after the general statute." *Pereira* v. *New England LNG Co.*, 364 Mass. 109, 118 (1973). See *Malden* v. *Flynn*, 318 Mass. 276, 278 (1945); *Boston Elevated Ry.* v. *Commonwealth*, 310 Mass. 528, 549 (1942).

there is nothing in the record before us to support the defendant's contention of error in the rulings. We further conclude that the record before us indicates that there was sufficient evidence to withstand a motion for directed verdict as to both complaints. Accordingly, the judgments below are affirmed.

*Judgments affirmed.*