COMMONWEALTH *vs.* PATRICIA A. CURTIN
(and a companion case[1]).

Plymouth. March 4, 1982. — June 23, 1982.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Criminal,* Issuance of process, Traffic violation. *Motor Vehicle,*
Citation for violation of motor vehicle law. *Statute,* Construction.
*Words,* "Normal appellate review."

With respect to a case involving a minor traffic violation in which there
was a hearing before a clerk-magistrate in a District Court followed by
a hearing de novo before a judge, the words "normal appellate review,"
as appearing in G. L. c. 90, § 20F, sixth par., prescribe a de novo trial
in the jury session of a District Court as the next procedural step.
[589-592]

TRAFFIC CITATIONS issued on February 27, 1981.

The cases were heard in the Second Plymouth Division of
the District Court Department by *Tamkin,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*Mark A. Batchelor,* pro se.

*Patricia A. Curtin,* pro se.

*Robert S. Sinsheimer,* Assistant District Attorney, for the
Commonwealth.

*Francis X. Bellotti,* Attorney General, *Stephen R. Delin-
sky, Barbara A.H. Smith & Paula J. DeGiacomo,* Assistant
Attorneys General, for the Commonwealth, amicus curiae,
submitted a brief.

ABRAMS, J. We are asked to determine the meaning of
the words "normal appellate review" in cases involving

[1] Commonwealth *vs.* Mark A. Batchelor.

minor traffic violations where, as here, there were hearings before a clerk-magistrate of a District Court, and a de novo hearing before a judge.  G. L. c. 90, § 20F, sixth par.,[2] inserted by St. 1978, c. 478, § 41.  We left this question open in *Commonwealth* v. *Germano*, 379 Mass. 268, 276 n.11 (1979) .  For the reasons stated in this opinion, we conclude that "normal appellate review" refers to a de novo trial in the "jury-of-six session."  See G. L. c. 278, § 18; G. L. c. 218, §§ 26A, 27A; *Commonwealth* v. *Germano, supra* at 271.

Patricia A. Curtin was issued a traffic citation for failing to stop at a stop sign, in violation of G. L. c. 89, § 9. Mark A. Batchelor was issued a traffic citation for speeding, in violation of G. L. c. 90, § 17.  Both defendants appeared before a clerk-magistrate of a District Court pursuant to Administrative Regulation 4-78 of the District Court Department of the Trial Court (AR 4-78).[3]  After a hearing before the magistrate, they were found "responsible" and fined. Both defendants appealed to a judge of the District Court, who heard the matters de novo.  The judge upheld the magistrate's findings and dispositions.  Both defendants ap-

---

[2] General Laws c. 90, § 20F, sixth par., provides: "Either party may appeal the finding and disposition of the magistrate to a justice of the court in which the case was heard, who shall then hear the case de novo. The decisions of the judge shall then be final, subject to normal appellate review."

[3] AR 4-78 (effective January 1, 1979), provides for hearings on minor motor vehicle violations (other than parking violations), where the maximum penalty does not exceed one hundred dollars for the first offense, and does not provide for a penalty of imprisonment.  According to AR 4-78, the hearings are civil and are first heard by a clerk-magistrate of a District Court.  The alleged violator is entitled to be represented by counsel.  Hearings must take place in a courtroom, if possible. Formal rules of evidence do not apply.  The Commonwealth may prevail by a preponderance of the credible evidence presented.

After hearing, the clerk-magistrate enters a finding of "responsible" or "not responsible" for the offense charged.  Either party may appeal to a judge of a District Court.  Further appeal is "as provided by law." AR 4-78 is not clear as to where the appeal is to be docketed. See G. L. c. 231, § 108 (Appellate Division); G. L. c. 211A, § 10 (Appeals Court).

pealed.[4] Their cases were entered in the Appeals Court. We transferred the cases to this court on our own motion. We now remand the cases to the District Court.

We turn to G. L. c. 90, § 20F, to ascertain its meaning. The statute, in certain aspects, lacks precision and verbal consistency. The ambiguity concerning the type of hearing contemplated by G. L. c. 90, § 20F, may be "explained as the type of 'gap' we have previously found to be virtually inevitable in any piece of legislation as complex as the court reorganization plan." *Commonwealth* v. *Germano*, 379 Mass. 268, 273 (1979). See *Mailhot* v. *Travelers Ins. Co.*, 375 Mass. 342, 345 (1978). "As practice develops, and the difficulties are revealed, the courts [must] . . . interweave the statute with decisions answering the difficulties and composing, as far as feasible and reasonable, an harmonious structure faithful to the basic designs and purposes of the Legislature." *Id.* See *Massachusetts Comm'n Against Discrimination* v. *Liberty Mut. Ins. Co.*, 371 Mass. 186, 190 (1976).

The express language of G. L. c. 90, § 20F, provides only two procedures by which an alleged offender may secure a noncriminal disposition of the charges against him. An alleged offender may either "appear before a magistrate of the appropriate district court and confess the offense charged . . . or may mail to such magistrate . . . the maximum statutory fine provided therein." The statute does not provide for a hearing if an offender elects a noncriminal disposition,[5] and we believe that no hearing was contemplated by the Legislature unless the offender elects a criminal proceeding.[6] See *Commonwealth* v. *Germano, supra* at 270.

---

[4] Neither defendant has been, or is currently, represented by counsel.

[5] General Laws c. 221, § 62C, inserted by St. 1978, c. 478, § 250, sets forth the powers and duties of magistrates. That section only authorizes magistrates to "receive citations and hear complaints pursuant to section twenty F of chapter ninety."

[6] In *Commonwealth* v. *Marder*, 346 Mass. 408 (1963), we concluded that this procedure, as applied to parking violations, does not unconstitutionally deter one charged with a parking violation from asserting his right to a judicial determination of his guilt.

If an alleged offender desires not to avail himself of the noncriminal procedure established by § 20F, "the clerk shall as soon as may be notify the officer concerned, who shall forthwith make a complaint and follow the procedure established for criminal cases." We believe that "the procedure established for criminal cases" refers to a preliminary hearing before a clerk-magistrate in which the alleged offender is to "be given an opportunity to be heard personally or by counsel in opposition to the issuance of any process based on such complaint." G. L. c. 218, § 35A. See *Commonwealth v. Wade*, 372 Mass. 91, 94 (1977). This is consistent with G. L. c. 90C, § 1, which requires traffic citations to "have printed thereon a statement that the person cited therein shall, if he so requests in writing to the appropriate court within four days of the alleged violation, be granted a hearing on said violation before any process shall issue, as provided in section thirty-five A of chapter two hundred and eighteen."

As we read G. L. c. 90, § 20F, after a person receives a traffic citation,[7] that person may elect to contest the issuance of the citation at a preliminary hearing before a clerk-magistrate of a District Court. If the alleged offender so elects, the alleged offender must request the preliminary hearing within four days of receipt of the citation. See G. L. c. 90C, § 1; *Commonwealth v. Wade*, 372 Mass. 91, 93 n.3 (1977). At the preliminary hearing the clerk-magistrate determines whether process shall issue. See G. L. c. 218, § 35A. Either party may appeal the action of the clerk-magistrate to a judge of a District Court.[8] See note 2, *supra*. If the judge decides that process shall issue, then there is a de novo hearing on the merits of the complaint be-

---

[7] General Laws c. 90, § 20F, requires the police to issue "forthwith" a citation for traffic violations.

[8] Since we conclude that the defendants have a right to a de novo evidentiary hearing before a second judge and to a trial de novo in the jury of six session, we believe that the judge who hears the appeal from a clerk-magistrate's determination as to whether process should issue has discretion to decide that issue on the record of the proceedings before the clerk-magistrate.

fore another judge. If the alleged offender is convicted, "normal appellate review" is to a de novo trial in a "jury-of-six session," "the procedure applicable to misdemeanor prosecutions in general." *Commonwealth* v. *Germano, supra* at 270, 275. See G. L. c. 278, § 18; G. L. c. 218, § 26A.

The Commonwealth suggests that "normal appellate review" as contemplated by G. L. c. 90, § 20F, and AR 4-78, is in the nature of certiorari in the Superior Court or in the Supreme Judicial Court, solely to correct errors of law. See G. L. c. 249, § 4. However, "[i]n an action in the nature of certiorari . . . [the court] will correct only 'substantial errors of law apparent on the record adversely affecting material rights.'" *Commissioner of Revenue* v. *Lawrence,* 379 Mass. 205, 208 (1979), quoting *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston,* 369 Mass. 84, 90 (1975). Since the only contested issues in most traffic cases are issues of fact, the appellate remedies suggested by the Commonwealth would be illusory. We will not attribute to the Legislature an intent to give citizens a meaningless appeal.[9]

Unless the alleged offender elects a noncriminal disposition, traffic violations follow the procedure for misdemeanors generally. The words of the statute do not support a conclusion that the Legislature intended to make radical changes in traffic violation cases. The statute indicates that the major change which the Legislature set out to achieve was the availability of a noncriminal disposition for minor infractions. That result is clearly stated. The statute does

---

[9] The Commonwealth also suggests that another choice would be to have the Appellate Division review questions of law. G. L. c. 231, § 108. See Dist. Mun. Cts. R. Civ. P. 64 (1975). The Commonwealth concedes that all appellate remedies are limited to questions of law.

The Commonwealth also recognizes that for the most part, in the trial of traffic violations, only issues of fact are involved. For example, Patricia A. Curtin argues that she properly stopped at the stop sign. Mark A. Batchelor argues that he was not exceeding the posted speed limit. Both of these arguments involve issues of fact, not law. Such factual disputes usually are resolved by the trier of fact and not by appellate review.

not clearly make any other change in the criminal process concerning minor motor vehicle violations. "It is not to be lightly supposed that radical changes in the law were intended where not plainly expressed." *Commonwealth* v. *Germano, supra* at 273, quoting *Ferullo's Case,* 331 Mass. 635, 637 (1954).

The cases are remanded for proceedings in the Hingham District Court.

*So ordered.*