PAULETTE M. DUBOIS *vs*. CHIEF OF POLICE OF WATERTOWN
& others.[1]

Suffolk.   February 7, 1983. — June 16, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Practice, Criminal,* Issuance of process, Traffic violation.  *Jurisdiction,*
    To enjoin criminal prosecution.   *Injunction.    Practice,   Civil,*
    Declaratory relief.

The plaintiff in an action seeking a judgment quashing a proceeding
    against her in a District Court, for which a citation had been issued
    pursuant to G. L. c. 90, § 20F, established no exceptional cir-
    cumstances which would warrant a single justice of this court in gran-
    ting declaratory or injunctive relief, inasmuch as her claims may ap-
    propriately be raised as defenses in the District Court proceeding.
    [489-490]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on June 21, 1982.

After transfer to the Superior Court Department and
retransfer to the Supreme Judicial Court for the county of
Suffolk, the case was reported by *Liacos,* J.

*Martin H. Green* for the plaintiff.

*Stephen S. Ostrach,* Assistant Attorney General, for Ad-
ministrative Justice of the District Court Department &
others.

*Belinda Bean,* for Chief of Police of Watertown & others,
submitted a brief.

---

[1] Various officers of the Watertown police department, the presiding
judge and the clerk-magistrate of the Second Eastern Middlesex Division
of the District Court Department, the Administrative Justice of the
District Court Department, and the Administrative Justice of the Boston
Municipal Court Department.

LYNCH, J.  The plaintiff instituted an action for injunc-
tive and declaratory relief in the single justice session of this
court to quash District Court proceedings pending against
her for an alleged violation of G. L. c. 89, § 9,[2] for which
she had received a citation pursuant to G. L. c. 90, § 20F,
inserted by St. 1978, c. 478, § 41.  A single justice trans-
ferred the case to the Superior Court, see G. L. c. 211,
§ 4A, and thereafter the parties filed a stipulation of agreed
facts.  On March 16, 1982, the trial judge denied the State
defendants' motion to dismiss the action, and thereafter the
single justice granted the joint motion of all the parties to
retransfer the case to this court.  The single justice reserved
and reported the case to the full court on September 29,
1982.  We conclude that the plaintiff's complaint should
have been dismissed.

The complaint challenges the constitutionality of G. L.
c. 90, § 20F, on various grounds.  The plaintiff concedes
that our decision in *Commonwealth* v. *Curtin,* 386 Mass.
587 (1982), which was rendered after the judge denied the
State defendants' motion to dismiss this action, disposes of
her constitutional claims.  We decline to reconsider that
decision.  See also *Commonwealth* v. *Germano,* 379 Mass.
268 (1979).  The plaintiff's remaining claims, that there was
a fatal delay between the alleged violation and the citation,
that the citation form was inadequate, and that the pros-
ecution waived its right to appeal from the clerk-magistrate's
finding that she was not responsible, can be raised as
defenses to the proceeding now pending in the District
Court.  That proceeding affords the plaintiff a fully ade-
quate remedy.  See *Norcisa* v. *Selectmen of Provincetown,*
368 Mass. 161, 168-173 (1975) (court of equity generally
should not grant injunctive or declaratory relief where the
only injury which would result from pending criminal ac-
tion is that incidental to a lawful criminal action brought in

---

[2] The plaintiff was cited for disregarding a traffic light.  Her
automobile was allegedly involved in an accident with a police cruiser.

good faith).[3]  See also *Jacoby* v. *Babcock Artificial Kidney Center, Inc.,* 364 Mass. 561, 562-564 (1974).

No exceptional circumstances are presented here which warrant the granting of declaratory relief.  See *District Attorney for the Suffolk Dist.* v. *Watson,* 381 Mass. 648, 659-660 (1980); *Bunker Hill Distrib., Inc.* v. *District Attorney for the Suffolk Dist.,* 376 Mass. 142, 146 (1978). General Laws c. 90, § 20F, was repealed by St. 1982, c. 586, § 1, after the present action was instituted.  The new provisions governing procedures for motor vehicle offenses are now in G. L. c. 90C, effective April 22, 1983.  St. 1982, c. 586, §§ 2 and 4.  No question respecting the new provisions is properly before us.  The case is remanded to the Supreme Judicial Court for the county of Suffolk for entry of a judgment dismissing the complaint.

*So ordered.*

---

[3] In *Commonwealth* v. *Curtin,* 386 Mass. 587 (1982), we held that "no hearing was contemplated [in G. L. c. 90, § 20F] by the Legislature unless the offender elects a criminal proceeding," and that a person contesting the issuance of a citation could elect a preliminary hearing before a clerk-magistrate, appealable by either party to a judge of a District Court. If the judge decides process should issue, another judge conducts a de novo hearing on the merits, appealable after conviction to a de novo trial in a jury of six session. *Id.* at 589, 590-591.