## Town of Milford & another[1] *vs.* James S. Boyd, Jr., & another.[2]

Suffolk. April 3, 2001. - August 13, 2001.

Present: Marshall, C.J., Greaney, Spina, Cowin, Sosman, & Cordy, JJ.

*Real Property,* Condominium, Tax title, Foreclosure of tax title. *Condominiums,* Common area. *Statute,* Construction. *Municipal Corporations,* Tax title property, Condominiums.

In an action arising out of a town's tax collector's placing eleven units in a commercial condominium complex in tax title pursuant to G. L. c. 50, §§ 53 and 54, for failure to pay real estate taxes, the judge correctly concluded that G. L. c. 60, § 77, required the town to pay condominium common area charges assessed after it took record title to the condominium units, where the judge specifically found as fact that the town benefited from the condominium association's continued care and maintenance of the common areas [756-759], and the judge correctly determined that a decree of foreclosure under G. L. c. 60, § 69, did not extinguish the town's liability for the charges for the period between the date of the tax taking and the decree of foreclosure [759-760].

Civil action commenced in the Land Court Department on August 20, 1998.

The case was heard by *Mark V. Green,* J., on motions for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Gerald M. Moody* for the plaintiffs.

*Thomas O. Moriarty (Richard E. Brooks* with him) for the defendants.

*Merita A. Hopkins, Michael A. Wirtz, Jennifer Dopazo, & Thomas J. Urbelis,* for city of Boston & others, amici curiae, submitted a brief.

---

[1]Treasurer of the town of Milford.

[2]Malcolm Whitman, manager of the Courtyard at Milford Condominium Association.

Spina, J. The town of Milford (town) appeals from the decision of a judge in the Land Court granting summary judgment in favor of the defendant managers of the Courtyard at Milford Condominium Association (association). On appeal, the town claims that the judge erred in (1) concluding that G. L. c. 60, § 77, requires the town to pay condominium common area charges assessed after it took record title to certain units for unpaid property taxes, and (2) determining that a decree of foreclosure under G. L. c. 60, § 69, does not extinguish the town's liability for these charges for the period between the date of the tax taking and the decree of foreclosure.[3] We transferred the case here on our own motion. We affirm the judgment.[4]

1. *Facts.* The Courtyard at Milford Condominium is a commercial condominium complex developed by Caruso Builders, Inc. (Caruso), and located in the town of Milford. In 1993 and 1994, the tax collector for the town placed eleven units in the complex owned by Caruso in tax title pursuant to G. L. c. 60, §§ 53 and 54, for failure to pay real estate taxes. The instruments by which the town took record title were recorded on April 28, 1993, and May 6, 1994. Thereafter, the town commenced proceedings in the Land Court to foreclose and enforce the town's liens for taxes against the eleven units.

On June 24, 1998, counsel for the association notified the town that the association claimed $219,254.49 in unpaid common expenses due from and after the date of tax taking for each unit. These expenses were based on expenditures incurred for, among other purposes, liability and casualty insurance covering the common areas of the condominium; maintenance of the condominium parking areas, including snow removal; and landscaping, trash removal, and other general maintenance of the com-

---

[3]The town claims error in this finding and ruling, but fails to provide any support in the record or any argument. We need not consider any issue not argued in the briefs. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). Cf. *Symmons* v. *O'Keeffe*, 419 Mass. 288, 304 (1995) (appellate court need not consider argument "not sufficiently supported by record references and citations to authority[, as it] did not rise to the level of appropriate appellate argument").

[4]We acknowledge the submission of an amicus brief on behalf of the city of Boston, the town of Brookline, and the Massachusetts City Solicitors and Town Counsel Association.

mon areas. In response, the town contested liability for common charges incurred during the period after it took record title and before the judgments of foreclosure.[5]

The association commenced an action in the Superior Court against the town seeking to establish and enforce a lien for the unpaid common expenses for the periods prior to judgment of foreclosure. The town responded by seeking a declaration in the Land Court that the judgments of foreclosure extinguished any liens or claims for condominium fees or common charges accrued prior to the date of such judgments. The Superior Court action was stayed pending resolution of the Land Court proceeding.

The town and the association filed cross motions for summary judgment. The Land Court judge concluded that (1) the town is liable for common area expenses for a unit it has taken for unpaid taxes, commencing in each instance on the date on which such unit was taken; and (2) any decree of foreclosure entered in the town's behalf will extinguish the condominium's lien[6] for all unpaid common expenses that accrued prior to the date of the decree, thereby removing that cloud on the title to the unit, but will not extinguish the town's liability for the common expenses that accrued between the date of the tax taking of a unit and the date of the decree of tax foreclosure.

2. *Discussion.* A town's liability for condominium common area charges, from and after the date of the tax taking, is controlled by G. L. c. 60, § 77.[7] We have not previously had occasion to construe this statute, and begin our analysis with the familiar rule that, "[w]here the language of a statute is clear, courts must give effect to its plain and ordinary meaning and the courts need not look beyond the words of the statute itself." *Massachusetts Broken Stone Co.* v. *Weston*, 430 Mass. 637, 640 (2000), and cases cited.

General Laws c. 60, § 77, provides, in pertinent part:

---

[5]The town does not contest liability for common charges after judgments of foreclosure, and has paid the charges for the postjudgment periods.

[6]See G. L. c. 183A, § 6 (*c*).

[7]We have previously determined that the obligation of a condominium unit owner to pay condominium common area expenses is a covenant running with the land. See *Trustees of the Prince Condominium Trust* v. *Prosser*, 412 Mass. 723, 725 (1992).

"Before foreclosure so much of the provisions of any covenant or agreement running with the land as calls for the payment of money by the owner thereof shall not be enforceable against a town which is the owner of record of such land under a tax title or taking, except as hereinafter provided. After foreclosure the town while it is the owner of record of such land may apply to the commissioner for an extension of the time during which such provisions shall not be enforceable against it. The commissioner shall have the power in his discretion to grant such an extension for a period not exceeding one year from the date of the foreclosure, and thereafter, from time to time, upon similar applications, may in his discretion grant similar additional extensions. Any such extension shall be in writing, may be recorded in the appropriate registry of deeds, and if so recorded within thirty days from its date, shall be conclusive in favor of the town. In no event, however, shall such provisions calling for the payment of money be so suspended and inoperative during any period in which such town directly or indirectly in any capacity accepts or receives the benefit of such covenant or agreement or of any right or privilege created or affected thereby."

The Land Court judge construed the last sentence as an exception referenced by the first sentence, and concluded that "prior to entry of a decree of foreclosure, a town is responsible for payment of money under a covenant running with the land only if the town 'directly or indirectly' has accepted or received 'the benefit of such covenant or agreement or of any right or privilege created or affected thereby.' " We agree.

The town's exemption from liability for the payment of money called for under covenants running with the land during the period prior to foreclosure is expressly modified by the language "except as hereinafter provided." To conclude that the last sentence does not provide an exception to the first sentence would render the modifying clause nugatory. In interpreting a statute, however, none of its words is to be regarded as superfluous. See *Commonwealth* v. *Super*, 431 Mass. 492, 498 (2000), and cases cited. Rather, a statute should be construed to avoid rendering its words meaningless. See *Commonwealth* v. *Wade*, 372 Mass. 91, 95 (1977). See also *Flemings* v. *Contributory Retirement Appeal Bd.*, 431 Mass. 374 (2000). Because the

o

language of the statute is clear, we must "enforce it according to its terms." *D'Avella* v. *McGonigle*, 429 Mass. 820, 823 (1999), quoting *Boston Neighborhood Taxi Ass'n* v. *Department of Pub. Utils.*, 410 Mass. 686, 690 (1991).

Indeed, the town does not contend that the Land Court erred in its construction of the statute.[8] Rather, the town's principal argument on appeal is that the Land Court erred in determining that the town benefited from the covenant to pay condominium common area charges. It contends that, under the Land Court's interpretation, a town would always be deemed to have benefited from the payment of condominium common area charges, and therefore a town would be automatically obligated to pay condominium expenses for a minimum of six months every time it took tax title. See G. L. c. 60, § 65 (municipality must wait six months from time of tax taking before filing petition to foreclose).

The town may have accurately predicted the consequences of the Land Court's interpretation, but we see nothing incongruous about those consequences. Rather, they are consistent with the statutory language and over-all statutory scheme. Furthermore, such consequences do not relieve the judge of the obligation to determine if an association has met its burden of proving that a town has benefited as a matter of fact. Although it may be difficult to imagine a situation in which the payment of a common area charge would not benefit a town, we do not foreclose such a possibility.

Here, the Land Court judge specifically found as fact that the town did benefit from the association's continued care and maintenance of the common areas. Common areas of a condominium unit are inextricably connected to the condominium units themselves. The units literally could not exist without them. As the Land Court judge noted, "[t]he maintenance of the physical condition of the common areas, and of the liability and casualty insurance necessary to their preservation,

[8]The town does contend that G. L. c. 60, § 77, cannot impose liability on the town because the town is not the "unit owner" of the taken property. This argument misconstrues the statute. The statute clearly distinguishes between the "owner" of the property and the town as "owner of record." The town's liability for the common area charges is premised on its status as "owner of record"; not as "[u]nit owner" as defined in G. L. c. 183A, § 1.

is critical to the ongoing viability of the condominium and the units within it." The expenses are especially critical here, where the units taken comprised more than thirty-eight per cent of the total interest in the condominium common areas, and therefore thirty-eight per cent of the condominium expense budget. Permitting the town to avoid payment of the charges from and after the date of the tax taking could "threaten the financial integrity of the entire condominium operation," including the units taken by the town. *Trustees of the Prince Condominium Trust* v. *Prosser*, 412 Mass. 723, 726 (1992) (action to enforce lien against unit owner).

We previously have stated that a town that acquires property under a tax title assumes some duties for the care and maintenance of that property even before a final judgment of foreclosure. In *Kurtigian* v. *Worcester*, 348 Mass. 284 (1965), we held that a municipality that had taken tax title to property for nonpayment of real estate taxes was liable for injuries resulting from a nuisance thereon. In that case, we noted that the injuries occurred after the city had taken tax title, but prior to a judgment of foreclosure. *Id.* at 287-289. Similarly, in the present case, the town could not permit the units and their corresponding share in the common areas to fall into a state of disrepair or dilapidation. It would have had to incur expenses for the ongoing maintenance of that property. Where it received the benefit of the association's payment of those costs, the Land Court's construction of the statute requiring the town to pay its proportionate share is eminently logical and reasonable. See *Tilton* v. *Haverhill*, 311 Mass. 572, 577-578 (1942) ("[S]tatute . . . should be so construed as to make it an effectual piece of legislation in harmony with common sense and sound reason" [citations omitted]).

Requiring the town to pay the common area charges is also consistent with the statutory scheme of G. L. c. 60 as a whole. See *LeClair* v. *Norwell*, 430 Mass. 328, 333 (1999), quoting *Pentucket Chronic Hosp., Inc.* v. *Rate Setting Comm'n*, 394 Mass. 233, 240 (1985) (statutory language not read in isolation; when meaning is "brought into question, a court properly should read other sections and should construe them together"); *Gillette Co.* v. *Commissioner of Revenue*, 425 Mass. 670, 674 (1997),

quoting *Polaroid Corp.* v. *Commissioner of Revenue*, 393 Mass. 490, 497 (1984) ("words . . . must be construed with other statutory language and the general statutory plan"). General Laws c. 60, § 53, requires that, when a town takes possession through tax title, the town may "collect the rent and other income from such land, which rent and income, after the payment therefrom of *all necessary expenses in the care, repair and management of such land,* shall be applied on account of the taxes . . . due said . . . town" (emphasis added). It would be inconsistent to require the town to pay the common area charges under § 53, but waive the similar obligation under § 77.[9]

Finally, any amount paid by the municipality can be recouped either from an owner who redeems the property or from the proceeds of a sale of the property. General Laws c. 60, § 62, provides that, in order to redeem land taken or sold for nonpayment of taxes, an owner is required to pay the tax plus "all charges lawfully added to the tax title account." Additionally, G. L. c. 60, § 43, provides that, where a municipality sells property for unpaid taxes, the proceeds of the sale may be applied to "all costs . . . in any way resulting from such sale or taking." The payment for common area charges can lawfully be added to this account.

*Judgment affirmed.*

---

[9]The town argued before the Land Court that a town that takes tax title should be treated as a first mortgagee, and because there is no similar statutory provision requiring first mortgagees to pay common area charges, the town should not be liable either. While it is true that there is no comparable provision, G. L. c. 183A does provide priority for a condominium lien over a previously recorded first mortgage to the extent of the regular common charges for the six months ending on the date of filing suit to enforce the lien, plus reasonable attorney's fees and costs. See G. L. c. 183A, § 6 (c).