Curran, Dennis J., J.
The plaintiffs, Trustees of Whispering Pines Condominium Trust, move for summary judgment on the defendant’s failure to pay common charges for the condominiums in violation of the condominium trust and G.L.c. 183A, section 6. They also request a declaratory judgment that an amendment to the master deed that the defendant (the developer) tried to effectuate, changing the dates upon which each of the units was created, be rendered null and void. In short, this collection case is not without a few detours along the path.
For the following reasons, the plaintiffs’ motion for summary judgment is ALLOWED, as is their request for a declaratory judgment.
We take, as we must, all evidence and reasonable inferences drawn from that evidence, in the light most favorable to the non-moving party (here, the defendant).
Factual Background
The summary judgment record reveals the following facts.
The plaintiffs are unit owners acting as Trustees who manage and maintain the common areas of the *619 Whispering Pines condominium. The defendant Wilmington Whispering Pines, LLC was the developer and declarant of the condominium trust.
The defendant-developer recorded the condominium’s master deed, which created 24 units, with the Middlesex North Registry of Deeds on July 18, 2007.[1] The declaration of the condominium trust was recorded simultaneously with the master deed. The defendant-developer was the record owner of each of the units from the date the master deed was created until it sold each unit: the first unit was sold on July 31, 2007, and the last unit five years later, on July 31, 2012.
The parties agree that Article V, Section 2B of the condominium trust requires that each unit owner pay his/her/its respective share of the common charges in monthly installments. The defendant-developer did not pay those monthly charges. Instead, it claims it paid other condominium-related expenses, and now argues that these should set off its obligation to pay the usual common charges which were eventually billed to it and which totaled $42,464.82.
The Trustees have since assessed late fees, legal fees and costs against the developer for its failure to timely pay those common charges. The developer counters that these fees are neither proper nor permissible.
DISCUSSION
Under the established standard, summary judgment will be granted where, viewing the evidence in the light most favorable to the non-moving party, all material facts have been established, and the moving party is entitled to judgment as a matter of law. Cabot Corp. v. AVXCorp., 448 Mass. 629, 636-37 (2007). The moving party must establish that there are no genuine issues of material fact. Miller v. Mooney, 431 Mass. 57, 60 (2000).
Count I
The Trustees claim there is no genuine issue of material fact as to the developer’s liability for each unit’s proportional share of the common charges from the date of the master deed until the date each unit was sold. They claim that all units are subject to common charges from the date the master deed and the condominium trust were recorded, and that the developer is also liable for collection costs and expenses.
The developer recorded the master deed on July 18, 2007. The first three units in Phase I were sold within two weeks, by August 1, 2007. Those three units were assessed and paid their common monthly charges. At this time, however, the developer continued to own the remaining 21 units. As owners of those remaining units, they should have, but did not, assess themselves the usual common monthly charges. Instead, the developer’s manager engaged in creative accounting and exempted his employer-developer from paying the legally-required financial obligations for each such unit.
The developer excuses its conduct by claiming that as individual units were sold, the projected budgets were increased for the costs associated with the additional units and that those costs were passed onto the owners of the conveyed units on a “prorated basis.” This system continued throughout Phase I until it sold the last unit.
Common charges and ownership are governed by G.L.c. 183A as well as the master deed. The court interprets a statute “according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language . . . [and] the statutory language itself is the principal source of insight into the legislative purpose.” Registrar of Motor Vehicles v. Board of Appeals on Motor Vehicle Liability Policies & Bonds, 382 Mass. 580, 585 (1981). “[A] statute must be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous.” Bankers Life & Cas. Co. v. Commissioner of Insurance, 427 Mass 136, 140 (1998) (internal citation omitted). The court must give effect to each word and phrase in a statute, and seek to avoid an interpretation that treats some words as meaningless. See Milford v. Boyd, 434 Mass. 754, 757 (2001).
A master deed creating a condominium must be recorded under G.L.c. 183A, sections 2 and 8. Those sections spell out the requirements of the deed. Section 3 states that even before having built upon the site, full rights are granted in the common areas and facilities; and full real estate rights are vested in the owner.
Section 5(a) provides that “(e]ach unit owner shall be entitled to an undivided interest in the common areas and facilities in the percentage set forth in the master deed.” Section 5(b) recites that such percentage “shall not be altered without the consent of all unit owners, expressed in an amended master deed duly recorded.” Excluding some exception which does not apply in this case, “all common expenses shall be assessed against all units either in accordance with their respective percentages of undivided interest in the common areas and facilities or, if stated in the master deed or an amendment thereto duly recorded in the approximate relation that the area of the unit bears to the aggregate area of all the units... however, that such an amendment shall require the consent of all unit owners whose common expense assessment is materially affected. The organization of unit owners shall have a lien on a unit for any common expense assessment levied against that unit from the time the assessment becomes due.” G.L.c. 183A, section 6.
Under section 5(b), the common expenses must be assessed against all in accordance with their respective percentages from the master deed, or the approximate percentage of the area of the unit in relation to *620 the aggregate area of all units. Moreover, section 2(b) of the condominium trust states that each unit owner shall be liable for common expenses; section 2(c) states that the Trustees shall render statements to unit owners for their respective share of the common expenses. The developer argues that it was exempt from paying those common monthly expenses because it chose to make other condominium-related payments. But absent bad faith or illegality, common monthly charges are not subject to set-off. Baker v. Monga, 32 Mass.App.Ct. 450, 453-54 (1992). See also Blood v. Edgar’s, Inc., 26 Mass.App.Ct. 402 (1994).
The Trust, at Article V, section 2B, requires that “each unit owner shall be liable for common expenses according to his respective percentage of undivided interest. G.L.c. 183A, section 6(b) echoes that principle: ”[t]he unit owner shall be personally liable for all sums assessed for his share of the common expenses."
The legal sequellae that flows is obvious: the developer is liable for the proportional share of the common charges for each unit it owned from the date the master deed was created until the date the unit was sold.
Count II
The Trustees also claim they are entitled to declaratory judgment that the second amendment to the master deed is null and void because it fails to comply with G.L.c. 183A.
The developer argues that the condominium trust has suffered no quantifiable damages as a result of the second amendment and therefore, the claim for declaratory judgment is without merit. The “purpose of declaratory judgment is generally to resolve uncertainties as to legal rights and obligations before they have been repudiated.” Bingham McCutchen, LLP v. McC-ourt, Jr., SUCV2011-01405-BLS2, 2011 WL 5517332 ((Sanders, J.) Mass.Super. Aug. 17, 2011) [29 Mass. L. Rptr. 46). A declaratory judgment is appropriate because there is an actual controversy. The amount in controversy will vary depending upon the date that each unit was placed on the master deed, because if the date changes from the second amendment are permissible, the condominium trust will only be able to claim fees until that later date. This is an actual controversy; declaratory judgment is warranted.
The developer claims that as the declarant, it reserved to itself in the master deed the authority to amend the trust. G.L.c. 183A, §8(h) sets forth that the master deed shall contain the method by which it may be amended: a vote of 80% in beneficial interest of all unit owners. However, the developer owned none of the units at the time of the second amendment and therefore, its calculus is a fiction. The master deed did reserve for the declarant the ability to amend without the consent of any unit owner in order to “add such additional Phases and all other structures and improvements which may be situated on the condominium land and related to the common areas of the [c]ondominium[.]”
The developer’s second amendment is a failed attempt at legal revisionism. It purported to modify— well after the fact—the dates on which each of the units were created, by morphing them into the dates each unit was sold, and retroactively altering the percentage interest of each unit. Even more interestingly, only the developer signed the second amendment, yet curiously, as pointed out above, it owned none of the condominium units at the time. Finally and critically, the second amendment failed to comport with G.L.c. 183A.
The developer has failed to provide evidence of a dispute of material fact on this issue as well; accordingly, the plaintiff Trustees’ request for declaratory judgment as to count II must, therefore, be ALLOWED.
ORDER
For these reasons, the plaintiffs’ motion for summary judgment is ALLOWED. Moreover, a declaratory judgment shall enter rendering null and void the second amendment to the master deed purporting to change the dates upon which each of the units was created.
A trial to assess damages shall be scheduled as soon as reasonably practicable.

The development was to be constructed in two phases: Phase I consisted of 24 units; these were built. Phase II was to consist of 24 units; these were not built, and are not before the court.