DIKRAN A. BEURKLIAN & another *vs.* ARTHUR R. ALLEN. March 11, 1982. On June 5, 1978, Dikran A. Beurklian and his wife, Eleanor A. Beurklian brought an action for bodily injuries, property damage, and loss of consortium. The plaintiffs claim that on January 22, 1978, the defendant Allen, an employee of the Metropolitan District Commission, negligently drove a snow plow into a motor vehicle owned and operated by Dikran Beurklian.

Allen moved for summary judgment on the ground that the Massachusetts tort claims act, G. L. c. 258, § 2, as appearing in St. 1978, c. 512, § 15, bars this action. The judge scheduled a hearing on the motion. At this hearing, attorneys for both the plaintiffs and the defendant had a full opportunity to be heard and to file briefs and affidavits. After the hearing, the judge granted the defendant's motion. The plaintiffs appeal.

The plaintiffs claim that the retroactive effect of G. L. c. 258, § 2, to bar their action against Allen, is unconstitutional on two grounds. First, G. L. c. 258, § 2, unconstitutionally deprives them of their right to trial by jury. Second, G. L. c. 258, § 2, unconstitutionally limits their right to recover more than $100,000. We disagree. We conclude that the judge correctly granted Allen's motion for summary judgment.

The Massachusetts tort claims act provides in pertinent part that "public employers shall be liable in the same manner and to the same extent as a private individual under like circumstances." G. L. c. 258, § 2. We read this language as indicating a legislative intent that actions under G. L. c. 258, § 2, are governed by the same principles that apply to actions involving private parties. Glannon, Governmental Tort Liability under the Massachusetts Tort Claims Act of 1978, 66 Mass. L. Rev. 7, 14 (1981). These principles include the right to a trial by jury. We therefore determine that the retroactive application of the statute does not deprive the plaintiffs of a jury trial.

The plaintiffs also claim that the retroactive application of this act unconstitutionally deprives them of the right to recover more than $100,000. The short answer is that the plaintiffs did not show that the retroactive

application of the statute diminished their possible recovery. Persons challenging a statute carry a heavy burden of showing its unconstitutionality. *Nantucket Conservation Foundation, Inc.* v. *Russell Management, Inc.*, 380 Mass. 212, 215-216 (1980). The plaintiffs failed to demonstrate that their likely recovery would exceed $100,000, and thus they have not carried their burden.

*Judgment affirmed.*

*James D. Casey* for the plaintiffs.

*Paul J. Muello*, Assistant Attorney General, for the defendant.