CHHOEUN NY & another[1] vs. METROPOLITAN PROPERTY AND
CASUALTY INSURANCE CO.

No. 99-P-90.

Middlesex. December 14, 2000. - May 7, 2001.

Present: BROWN, GILLERMAN, & DUFFLY, JJ.

*Insurance,* Motor vehicle personal injury protection benefits, No-fault
insurance. *Damages,* Attorney's fees, Interest.

In an action brought against an insurer by occupants of an automobile who
had been injured in an accident, seeking personal injury protection benefits,
in which each provider of benefits had executed general releases of all
claims, the injured parties were not entitled, under G. L. c. 90, § 34M, to a
judgment for unpaid interest as an "amount due and payable by the
insurer" and, consequently, they were not entitled to an award of at-
torney's fees. [473-477]

CIVIL ACTIONS commenced in the Lowell Division of the
District Court Department on May 12, 1995.

On transfer from the small claims session to the regular civil
session, the cases were consolidated and heard by *William E.
Melahn,* J., on motions for summary judgment.

*Francis A. Gaimari* for the plaintiffs.

*David O. Brink* (*Bruce Medoff* with him) for the defendant.

GILLERMAN, J. The plaintiffs (Ny and Noeun) were injured in
an automobile accident on December 12, 1993. The vehicle in
which they were injured was insured by the defendant, and they
brought separate small claims actions to recover personal injury
protection (PIP) benefits from the defendant. The cases were
transferred to the regular civil docket of the Lowell Division of
the District Court Department and thereafter consolidated. In
September, 1998, the appellate division reversed an award of $1

_____
[1]Sahoeut Noeun.

in nominal damages and $17,592 in attorney's fees and entered final summary judgment in favor of the defendant. The plaintiffs appealed. The appeal brings forward an unresolved issue regarding attorneys' fees in proceedings for the recovery of PIP benefits.

At our request, the parties filed an agreed chronology of events, from which we have taken the following material facts.[2]

As to the plaintiff Ny: On the day of the accident, Ny was treated at Saints Memorial Medical Center (Medical Center). Thereafter, he was treated by Dr. Donn Paul Rademacher on three occasions in 1993, and by Dr. Edmund Quinn once in January, 1994. On May 16, 1994, the defendant received Ny's bills and records from the Medical Center and from Dr. Quinn. On May 20, 1994, Ny filed an application for PIP benefits with the defendant. On June 20, 1994, the defendant received Ny's bills and records of his treatment from Dr. Rademacher.

On May 31, 1994, the defendant notified Ny in writing that (i) it had reviewed the bill of the Medical Center (see note 5, *infra*), as a result of which it had paid $266 of the Medical Center's $352 bill for Ny's treatment, leaving an unpaid balance of $86, and (ii) that it had reviewed Dr. Quinn's $357 bill, and had paid him $252, leaving an unpaid balance of $105. On July 8, 1994, the defendant paid Dr. Rademacher $287 of his $356 bill, leaving a balance of $69, and it notified Ny in writing the amount it had paid Dr. Rademacher as result of a review of Dr. Rademacher's bills.

As to the plaintiff Noeun: He received treatment from the Medical Center on the day of the accident, December 12, 1993. On June 20, 1994, Noeun filed his application for PIP benefits. On the same date, the defendant received the Medical Center's bills and records in the amount of $1,036, of which it paid $582 on July 8, 1994, leaving an unpaid balance of $454. Also on July 8, 1994, the defendant notified Noeun of the amount paid to the Medical Center, and that it was the result of a review of the Medical Center's bill.

---

[2]We have added facts, as needed, which appear in undisputed documents in the record appendix.

It does not appear that the providers,[3] at any time, made demand upon the plaintiffs for payment of the balance of their bills, nor does it appear that the plaintiffs, at any time, had reason to believe that they were at risk regarding the unpaid portion of the bills of their providers.

On May 12, 1995, Ny and Noeun each filed a small claims action against the defendant for the unpaid balances due their providers, and for attorney's fees. Over a year later, Dr. Rademacher (on September 19, 1996), Dr. Quinn (on October 17, 1996), and the Medical Center (on November 7, 1996), signed a general release of all claims in favor of Ny and the defendant. The release of the Medical Center was also in favor of Noeun. None of the three releases recited a consideration; each release recited that there had been no "promise or inducement" for the release. The releases were solicited by the defendant, apparently without prior notice to the plaintiffs.

Following the execution of the three releases, the defendant filed a motion for summary judgment on November 18, 1996, and the plaintiffs filed a cross-motion for summary judgment on November 20, 1996. A final judgment was entered in the District Court on September 15, 1997, awarding the plaintiffs $1 in nominal damages and $17,592 in attorney's fees. Upon appeal to the Appellate Division, the judgment was reversed and summary judgment was entered in favor of the defendant on September 8, 1998. The plaintiffs appealed. We affirm.

The dispositive issue is whether, under the provisions of G. L. c. 90, § 34M, fourth par., which we set out in the Appendix, the plaintiffs are entitled to damages and attorney's fees and costs.[4]

*Discussion.* General Laws c. 90, § 34M, provides that an insurer is obligated to pay PIP benefits, in full, within thirty days following receipt of "reasonable proof of the fact and

---

[3]We use the term "providers" to refer to Dr. Quinn, Dr. Rademacher, and the Medical Center.

[4]The plaintiffs' brief states that they seek "interest damages for the period commencing 30 days from the date [the defendant] received the bills to the dates of the releases . . . or, at least, nominal damages. The trial court's award of $17,592.00 to plaintiffs in attorney's fees should be affirmed."

amount of expenses and loss incurred . . . ." In *Brito* v. *Liberty Mut. Ins. Co.*, 44 Mass. App. Ct. 34, 37 (1997), we approved the Appellate Division's description of the potential consequences of an insurer's failure to make timely payment: "Delay [in payment] . . . beyond [the thirty days] automatically exposes the insurer to increased liability in the form of litigation costs, interest and attorney's fees under Section 34M . . . ."

It is undisputed that the defendant did not pay the plaintiffs' providers in full within the required thirty days nor, indeed, at any time thereafter.[5] Instead, each provider signed a general release in favor of the defendant and the plaintiffs.

The plaintiffs, correctly, do not dispute the finality of the releases. See note 4, *supra*. Each provider acknowledged that he or it was releasing both the defendant *and the plaintiffs* with respect to a "disputed claim" of the provider for the unpaid balance of his or its bill, thereby bringing the unpaid balance to zero. In this fashion, the defendant, almost three years after the medical services were rendered and more than one year after the plaintiff brought suit, had obtained the acknowledgment of each provider that the payments previously made constituted payment in full. It is this long-delayed disposition of the outstanding bills of the providers — far beyond the permitted thirty-day period — that forms the basis of the plaintiffs' claims to interest. In this connection, we note that there is nothing in the record suggesting that the defendant, at any time, offered to indemnify the plaintiffs should any provider make claim against either of them for the unpaid balance, and no such claim is made in the defendant's brief.[6]

Section 34M provides that "any unpaid party shall . . . have

---

[5] Section 34M provides that an insurer may not refuse to pay a bill for medical services provided by a person registered or licensed under G. L. c. 112 "if such refusal is based solely on a medical review of the bill or of the medical services underlying the bill, . . . *unless* the insurer has submitted, for medical review, such bill or claim to at least one practitioner registered or licensed under the same section of chapter one hundred and twelve as the practitioner who submitted the bill for medical services" (emphasis added). The plaintiff does not rely on the "unless" clause in their brief, and we make no further mention of the point. See note 7, *infra*.

[6] The defendant's brief states that, "according to its long-standing corporate policy, [the defendant] stood ready to intervene on behalf of the [plaintiffs]

a right to commence an action in contract for payment of [PIP benefits] . . . determined to be due . . . [and] [i]f the unpaid party recovers a judgment *for any amount due and payable by the insurer*, the court shall assess against the insurer in addition thereto costs and reasonable attorney's fees" (emphasis added). The plaintiffs argue that, as persons entitled to the PIP benefits, they were "unpaid parties" once their medical bills were not paid in full for thirty days and continuing to the date of the releases. Thus, the argument continues, they were entitled to a judgment for unpaid interest on the overdue amounts, and, as a result of that entitlement, they were then entitled to the attorney's fees awarded in the District Court, as provided in § 34M.[7]

We do not agree that the plaintiffs were entitled to a judgment for interest as an "amount due and payable by the insurer" under § 34M.

The intended beneficiaries of § 34M include persons injured by the insured vehicle, and those who provide them with medical treatment. Section 34M implicitly authorizes the direct payment of medical expenses by the insurer to the provider; "any unpaid party" — i.e., a provider — has standing to bring an action against the insurer by being "*deemed* a party to a contract with the insurer responsible for payment . . . of amounts . . . due . . ." (emphasis added). § 34M, 4th par., 3d sentence.

While the insurer may discharge its statutory obligation by making payment of the amount due directly to the person injured, the prudent and permissible course for an insurer is to pay the provider directly in exchange for a release, thereby

with a complete legal defense and judgment indemnification should a dispute have arisen." There is nothing in the record that the plaintiffs were told in writing, and could rely on, this "long-standing corporate policy." In fact, as noted in the text, the defendant merely notified the plaintiffs that a part payment had been made. Had the insurer added the indemnity agreement, this litigation may never have occurred. In short, the "corporate policy" of the defendant appears either incomplete in concept, or inadequate in performance.

[7]The defendant responds by claiming that their review of the bills of the providers was conclusive because its methodology was reviewed and expressly approved in a decision of this court issued pursuant to Rule 1:28 of the Appeals Court, as amended, 10 Mass. App. Ct. 942 (1980). Opinions of this court in an unrelated case, released pursuant to Rule 1:28, may not be cited as precedent. See *Lyons* v. *Labor Relations Commn.*, 19 Mass. App. Ct. 562, 566 (1985). In any event, we decide this case on other grounds.

discharging the debt. If, however, payment of medical expenses is made to the person injured, there immediately arises the obligation of the person injured, implicit in § 34M, to pay the provider the amount received from the insurer. When the injured person — not the provider — enforces the obligations of the insurer (as was attempted here), and medical expenses are involved, he does so, in whole or in part, for the benefit of the provider.

The PIP "benefit" to an injured person, in substance, is the right, inter alia, to be held harmless by the insurer from claims of providers who provided treatment to the injured person. There are no provisions in § 34M which would entitle the injured person to the use of the insurance monies intended for the provider, and any delay by an insurer in making payment to a provider does not deprive the *injured party* of the use of such funds. For that reason, the person injured has no claim to interest for the period prior to the date of the releases. See *Sterilite Corp.* v. *Continental Cas. Co.*, 397 Mass. 837, 841 (1986), quoting from *Perkins School for the Blind* v. *Rate Setting Commn.*, 383 Mass. 825, 835 (1981) (an award of interest is made "so that a person wrongfully deprived of the use of money should be made whole for his loss").[8]

Notwithstanding this conclusion, our opinion should not be taken as an endorsement of the defendant's dilatory approach to resolving the unpaid balance of the plaintiff's medical bills. Nor should the result in this case be seen by insurers as an opportunity to delay payment and obtain the use of the withheld funds, without exposure, until the time is ripe to obtain releases. See note 6, *supra*. If, as should be the case, pursuit of any recalcitrant insurer is undertaken promptly by the provider, interest and attorney's fees may be available under § 34M for

---

[8]As stated in note 4, *supra*, the plaintiff seeks either "interest damages" or "nominal damages" to support a judgment for "an amount due and payable by an insurer" as required by § 34M, and thereby attorney's fees. We have discussed our reasons for concluding that the plaintiffs are not entitled to interest, and we dismiss summarily the suggestion of "nominal damages" since such a suggestion does not support the statutory requirement of a judgment for "any amount due." As stated in the text, no amount was due either to the providers or to the plaintiffs once the releases were signed by the providers.

any period of delay beyond the thirty days. See *Brito* v. *Liberty Mut. Ins. Co.,* 44 Mass. App. Ct. at 37. In appropriate cases, other remedies may also be available to those affected by an insurer's failure to comply with the dictates of the no-fault insurance law. See *Dodd* v. *Commercial Union Ins. Co.,* 373 Mass. 72 (1977).

Because the plaintiffs are not entitled to an award of damages, they are not entitled to an award of attorney's fees under § 34M.

There being no genuine issue of material fact, and because the defendant was entitled to judgment as a matter of law, we affirm the order of the Appellate Division reversing the District Court. See *Richard Tucker Assoc., Inc.* v. *Smith,* 395 Mass. 648, 648-649 (1985).

*So ordered.*

APPENDIX.

General Laws c. 90, § 34M, 4th par.

Personal injury protection benefits and benefits due from an insurer assigned shall be due and payable as loss accrues, upon receipt of reasonable proof of the fact and amount of expenses and loss incurred provided that upon notification of disability from a licensed physician, the insurer shall commence medical payments within ten days or give written notice of its intent not to make such payments, specifying reasons for said nonpayment, but an insurer may agree to a lump sum discharging all future liability for such benefits on its own behalf and on behalf of the insured. With respect to such benefits, and to medical coverage contained in section one hundred and thirteen C of chapter one hundred and seventy-five, no insurer shall refuse to pay a bill for medical services submitted by a practitioner registered or licensed under the provisions of chapter one hundred and twelve, if such refusal is based solely on a medical review of the bill or of the medical services underlying the bill, which review was requested or conducted by the insurer, unless the insurer has submitted, for medical review, such bill or claim to at least one practitioner registered or licensed under the same section of chapter one hundred and twelve as the practitioner who submitted the bill for medical services. In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment of amounts therein determined to be due in accordance with the provisions of this chapter. In any such action commenced in the district court in the judicial district in which the unpaid party resides, the court shall, upon the filing of an answer by the insurer and upon

the motion of the unpaid party, advance the action for a speedy trial. If the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney's fees.