## IAN BOEHM *vs.* THE PREMIER INSURANCE COMPANY.

Essex. February 6, 2006. - May 12, 2006.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, SOSMAN, & CORDY, JJ.

*Statute,* Construction. *Insurance,* Motor vehicle personal injury protection benefits. *Contract,* Insurance. *Practice, Civil,* Jury trial. *Jury and Jurors.* *Words,* "Unpaid party."

This court concluded that G. L. c. 90, § 34M, which authorizes a medical provider to commence an action in contract against an insurer to recover unpaid benefits for treatment provided to an insured, confers the right to a jury trial. [690-692]

CIVIL ACTION commenced in the Salem Division of the District Court Department on April 23, 2001.

The case was tried before *Patricia A. Dowling,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Francis A. Gaimari* for the plaintiff.

*Christopher M. Mountain* for the defendant.

MARSHALL, C.J. We consider whether G. L. c. 90, § 34M, which authorizes a medical provider to commence an action in contract against an insurer to recover unpaid benefits for treatment provided to an insured, also confers the right to. a jury trial. We conclude that it does.

*Background.* Ian Boehm, a chiropractor, commenced an action in the District Court to recover from The Premier Insurance Company (Premier) personal injury protection (PIP) benefits for medical services rendered after Premier's insured was injured in a motor vehicle accident. Premier claimed a trial by jury. Boehm moved to strike the jury demand, arguing that Premier was not entitled to a jury trial either under G. L. c. 90, § 34M, or as a matter of constitutional right. See art. 15 of the Massachusetts Declaration of Rights. The motion was denied, the case was tried, and the jury returned a verdict for Premier.

Boehm appealed to the Appellate Division of the District Court. The Appellate Division affirmed, concluding that Premier had the right to a jury trial pursuant to art. 15. Thereafter, Boehm appealed to the Appeals Court, which affirmed in an unpublished memorandum and order pursuant to its rule 1:28. *Boehm* v. *Premier Ins. Co.*, 64 Mass. App. Ct. 1108 (2005).

We granted Boehm's application for further appellate review and now affirm the judgment of the District Court. Because we hold that G. L. c. 90, § 34M, itself confers the right to a jury trial, we put aside the question whether Premier had in addition an independent constitutional right.

*Discussion.* Boehm claims that "[n]othing in" G. L. c. 90, § 34M, confers the right to a jury trial. We disagree.

Our analysis begins with the well-settled rule that "[w]here the language of a statute is plain, it must be interpreted in accordance with the usual and natural meaning of the words." *Gurley* v. *Commonwealth*, 363 Mass. 595, 598 (1973). See *Milford* v. *Boyd*, 434 Mass. 754, 756 (2001), quoting *Massachusetts Broken Stone Co.* v. *Weston*, 430 Mass. 637, 640 (2000) (where language is clear, court need not look beyond statute itself); *Bronstein* v. *Prudential Ins. Co.*, 390 Mass. 701, 704 (1984) ("statutory language is the principal source of insight into legislative purpose"). We therefore look first to the text of the statute.

General Laws c. 90, § 34M, fourth par., provides, in relevant part:

> "Personal injury protection benefits . . . shall be due and payable as loss accrues, upon receipt of reasonable proof of the fact and amount of expenses and loss incurred . . . . In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment of amounts therein determined to be due in accordance with the provisions of this chapter."

The statute creates both the right to payment of accrued PIP benefits and the remedy for violations of this right: "any unpaid

party shall be deemed a party to [the insurance] contract" and may file an "action in contract" to recover any benefits due. The phrase "any unpaid party" includes an unpaid medical provider who treats an insured. See *Chhoeun Ny* v. *Metropolitan Prop. & Cas. Ins. Co.*, 51 Mass. App. Ct. 471, 475 (2001). The medical provider, being "deemed" a party to the insurance contract, may step into the shoes of the insured and bring an action in contract to recover PIP benefits. See *id.*

The Legislature's choice to "deem" a medical provider "a party to [the insurance] contract," and the Legislature's recognition that the medical provider "therefore" has a "right" to seek recovery through "an action in contract" is determinative of the issue at bar. Parties in contract actions traditionally have enjoyed the right to a jury trial, *Farnham* v. *Lenox Motor Car Co.*, 229 Mass. 478, 480 (1918), and the Legislature is presumed "to know the preexisting law and the decisions of this court." *Selectmen of Topsfield* v. *State Racing Comm'n*, 324 Mass. 309, 313 (1949). Had the Legislature intended to treat contract actions brought pursuant to § 34M, fourth par., differently from the ordinary contract action, it could have said so explicitly as it did in the very next paragraph, which directs insurers to resolve disagreements concerning subrogation through arbitration. See G. L. c. 90, § 34M, fifth par. Moreover, when the Legislature has chosen not to provide the right to a jury trial, it has done so explicitly. See, e.g., G. L. c. 30A, § 14 (5) ("review shall be conducted by the court without a jury"); G. L. c. 209C, § 12 ("trial shall be by the court without a jury"); G. L. c. 258C, § 9 (*d*) ("review shall be conducted by the district court without a jury"). Accord *Trust Ins. Co.* v. *Bruce at Park Chiropractic Clinic*, 430 Mass. 607, 608 n.3 (2000) (no right to jury trial for limited issue of attorney's fees under G. L. c. 90, § 34M, where Legislature expressly left question for determination by court). The Legislature's recognition of a medical provider's right to recover payments through an action in contract demonstrates the Legislature's intent to afford the right to a jury trial under § 34M.[1]

That § 34M does not explicitly refer to the right to a jury

---

[1] When we considered in *Rosati* v. *Boston Pipe Covering, Inc.*, 434 Mass. 349 (2001), and *Dalis* v. *Buyer Advertising, Inc.*, 418 Mass. 220 (1994), whether the right to a jury trial existed, the applicable statutes spoke only of

trial is of no consequence. In a comparable case, this court concluded that a provision of the Massachusetts Tort Claims Act, G. L. c. 258, § 2, while not specifically granting the right to a jury trial, implicitly did so through its declaration that public employers "shall be liable in the same manner and to the same extent as a private individual under like circumstances." *Beurklian* v. *Allen*, 385 Mass. 1009, 1009 (1982). Accord *Wetherell* v. *Boston Mut. Life Ins. Co.*, 18 Mass. App. Ct. 614, 618 (1984). Construing language as indicating a legislative intent that actions under G. L. c. 258 be governed by the same principles that apply in tort actions between private parties and noting that such principles include the right to trial by jury, the court concluded that G. L. c. 258 conferred the right to a jury trial. *Beurklian* v. *Allen, supra.* Similarly, under § 34M, the Legislature's characterization of a claim by an unpaid party as an "action in contract" carries with it the principle that parties to contract actions are entitled to jury trials. See *Farnham* v. *Lenox Motor Car Co., supra.*

*Judgment affirmed.*

---

the commencement of a "civil action" and thus we had to determine whether the right arose by analogizing the claims there to common-law tort and contract claims. We need not engage in such analogizing here because § 34M specifies that the action is one "in contract."