METROPOLITAN PROPERTY AND
CASUALTY INSURANCE
COMPANY, Plaintiff,

v.

BOSTON REGIONAL PHYSICAL
THERAPY, INC., et al.,
Defendants.

Civil Action No. 06–12059–NMG.

United States District Court,
D. Massachusetts.

Feb. 7, 2008.

Robert D. Ahearn, Law Offices of Robert D. Ahearn, P.C., Quincy, MA, Molly

Cochran, Seegel, Lipshutz & Wilchins PC, Wellesley, MA, John D. Himmelstein, Law Office of John D. Himmelstein, Cambridge, MA, Joseph S. Provanzano, Provanzano Law Offices, Peabody, MA, Frank A. Smith, III, Frank A. Smith III & Associates, PC, Boston, MA, for Defendants.

Donald J. Barry, Jr., Citizens Bank of Massachusetts, Boston, MA, Robert P. Kelly, Lane, Lane & Kelly, Braintree, MA, Laurie A. McKeown, Jamaica Plain, MA, for Trustees.

Glenda H. Ganem, McGovern, Hug, Welch & Ganem, LLP, Clayton R. Henderson, Michael L. Snyder, McGovern & Ganem PC, Boston, MA, for Plaintiffs.

## ORDER

NATHANIEL M. GORTON, District Judge.

Report and Recommendation accepted and adopted, docket no 159 allowed as to Count III and Denied as to Counts I and II.

## *REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO DISMISS DEFENDANT BOSTON REGIONAL PHYSICAL THERAPY'S COUNTERCLAIMS*

January 8, 2008

DEIN, United States Magistrate Judge.

### I. *INTRODUCTION*

The plaintiff, Metropolitan Property and Casualty Insurance Company ("Metropolitan"), has brought this action against two business entities and several of their employees who are involved in the business of providing, and/or billing for, physical therapy services. Metropolitan claims that the defendants, including Boston Regional

Physical Therapy, Inc. ("BRPT"), engaged in a fraudulent scheme designed to obtain insurance benefits from Metropolitan by billing for physical therapy services that were excessive, unwarranted or never rendered. In response, BRPT has asserted three separate counterclaims against Metropolitan purporting to seek damages for unpaid medical bills (Count I), unfair trade practices (Count II), and the defense of frivolous claims (Count III).

Presently before the court is the "Plaintiff, Metropolitan Property and Casualty Insurance Company's Motion to Dismiss Defendant, Boston Regional Physical Therapy's Counterclaims" (Docket No. 159), by which Metropolitan is seeking dismissal of BRPT's counterclaims on the ground that BRPT has failed to state claims upon which relief may be granted pursuant to Fed.R.Civ.P. 8 and 12(b)(6). For the reasons detailed below, this court recommends to the District Judge to whom this case is assigned that Metropolitan's motion to dismiss be ALLOWED IN PART and DENIED IN PART. Specifically, this court recommends that the motion be allowed with respect to Count III and denied with respect to Counts I and II. However, Count I should be limited to a claim under Mass. Gen. Laws ch. 90, § 34M, and Count II should be limited to a claim under Mass. Gen. Laws ch. 93A.

## II. SUFFICIENCY OF ALLEGATIONS OF COUNTERCLAIMS

### A. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings. Thus, when confronted with a motion to dismiss, the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the counterclaim plaintiff. *See Brandt v. Advanced Cell Tech. Inc.,* 349 F.Supp.2d 54, 57 (D.Mass. 2003); *United States v. Zajanckauskas,*

346 F.Supp.2d 251, 253 (D.Mass.2003). Dismissal is only appropriate if the counterclaim, so viewed, fails to allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95 (1st Cir.2007) (quoting *Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1967, 167 L.Ed.2d 929 (2007)).

Under the liberal notice pleading standard established by Fed.R.Civ.P. 8(a)(2), a counterclaim plaintiff is required to submit "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl.,* 127 S.Ct. at 1964 (internal quotations and citations omitted). "Specific facts are not necessary." *Erickson v. Pardus,* —— U.S. ——, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Counterclaim plaintiffs "only are obliged to set forth in their [counterclaims] 'factual allegations either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory.'" *Raytheon Co. v. Cont'l Cas. Co.,* 123 F.Supp.2d 22, 27 (D.Mass.2000) (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988)). Nevertheless, "a [counterclaim] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl.,* 127 S.Ct. at 1964–65 (internal quotations and citations omitted). The factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the [counterclaim] are true (even if doubtful in fact)." *Id.* at 1965 (quotations and citations omitted). Applying these principles to the instant case, this court recommends that Metropolitan's motion to dismiss be denied with respect to Counts I

and II and allowed with respect to Count III.

## B. *Count I*

BRPT alleges that it is entitled to recover damages for unpaid medical bills pursuant to Mass. Gen. Laws ch. 90, § 34M, ch. 93A, ch. 175 and ch. 176D. As detailed herein, this count states a claim under Mass. Gen. Laws ch. 90, § 34M, which provides for Personal Injury Protection ("PIP") benefits in connection with motor vehicle insurance. This count should be limited to that statutory provision.[1]

Under the provisions of Mass. Gen. Laws ch. 90, § 34M, an unpaid medical provider is deemed a party to a contract with the insurer and is entitled to bring an action in contract for payment of the amounts due. *Boehm v. Premier Ins. Co.*, 446 Mass. 689, 690–91, 846 N.E.2d 1145, 1146 (2006). To recover payment under PIP coverage for medical services furnished to an insured, the service provider must prove that: (i) an accident occurred; (ii) the insured's injuries and the related treatment by the provider were causally related to the accident; (iii) a Massachusetts automobile policy issued by the defendant insurer and covering the vehicle involved in the accident was in effect on the accident date; and (iv) there are unpaid amounts due to the provider for the treatment furnished. *Provenzano v. Arbella Mut. Ins. Co.*, No. 9994, 2007 Mass.App.Div. 46, 2007 WL 1301053, at *2 (April 27, 2007). The Counterclaim allegations are sufficient to establish a claim for PIP benefits.

Metropolitan contends that BRPT has failed to allege sufficient facts to establish a cause of action which would entitle it to relief. However, viewed in the light most favorable to BRPT, paragraphs 369–381 of the Counterclaim, along with the referenced "Exhibit to Pleading," set out sufficient facts to properly plead elements of a contractual claim pursuant to Chapter 90, § 34M. Thus, BRPT has alleged that Metropolitan insured numerous residents ("insureds" or "patients") within the Commonwealth of Massachusetts, several of whom sustained injuries in motor vehicle accidents within the Commonwealth of Massachusetts and received treatments for such injuries from BRPT (Counterclaim (Docket No. 155) ¶ 369); that the Massachusetts Motor Vehicle Policy ("insurance policy") used by Metropolitan was in effect on the respective dates of accident for each insured or patient (*id.* ¶ 370); and that under the insurance policy, Metropolitan is required to pay PIP benefits to its insureds up to the sum of $8,000. (*Id.* ¶¶ 370–71, 373). BRPT has further alleged that it billed Metropolitan pursuant to the insurance policy, seeking PIP benefits for the cost of services provided to its insureds (*id.* ¶ 374); that Metropolitan failed to satisfy the medical bills within the statutorily prescribed period and did not provide notice of its reasons for non-payment (*id.* ¶¶ 376–77, 379–81); and that, as an unpaid provider of medical services, BRPT has a right to commence an action in contract against Metropolitan pursuant to Mass. Gen. Laws ch. 90, § 34M. (*Id.* ¶¶ 372, 381). The specific claims involved, dates of loss and the amounts due for each insured or patient are set forth with sufficient particularity in the attached Exhibit. (*See id.* ¶ 369 & Exhibit to Pleading). These pleadings allege a plausible entitlement to relief and adequately apprise Metropolitan of the contractual claims at issue

---

**1.** As detailed *infra,* there is no private cause of action under Mass. Gen. Laws ch. 176D. Moreover, BRPT has not even attempted to identify under which section of ch. 175 it is purporting to state a claim.

under Chapter 90, § 34M. Accordingly, Count I is sufficient to withstand a motion to dismiss.

## C. *Count II*

Count II of BRPT's counterclaim alleges that Metropolitan engaged in unfair trade practices and unfair claims settlement practices in violation of Chapters 93A and 176D, thereby entitling BRPT to damages. In its motion to dismiss, Metropolitan argues (1) that BRPT lacks standing to sue under 176D because that chapter does not create a private cause of action, and (2) that BRPT fails to plead facts sufficient to state a claim for recovery pursuant to Chapter 93A.

"Chapter 176D prohibits certain unfair acts by insurers related to the investigation, settlement and payment of claims." *U.S. ex rel. Metric Elec., Inc. v. Enviroserve, Inc.,* 301 F.Supp.2d 56, 69 (D.Mass.2003). Metropolitan is correct, however, that ch. 176D "provides no private cause of action and is enforceable only by the commissioner of insurance." *See Thorpe v. Mut. of Omaha Ins. Co.,* 984 F.2d 541, 544 n. 1 (1st Cir.1993). Moreover, while private individuals bringing claims for unfair and deceptive acts and practices under Mass. Gen. Laws ch. 93A, §§ 2 and 9 may recover for violations of Mass. Gen. Laws ch. 176D, § 3(9), which defines unfair claim settlement practices, business entities such as BRPT may proceed only under ch. 93A, § 11. The Massachusetts Supreme Judicial Court has expressly "rejected the theory that commercial plaintiffs may bring suit under Section 11 of 93A for purported violations of 176D." *Kiewit Constr. Co. v. Westchester Fire Ins. Co.,* 878 F.Supp. 298, 301 (D.Mass.1995), and cases cited. *See also M. DeMatteo Constr. Co. v. Century Indem. Co.,* 182 F.Supp.2d 146, 161 (D.Mass.2001). Thus, Metropolitan is cor-

rect that BRPT may not maintain a claim for unfair and deceptive practices pursuant to ch. 176D.

Nevertheless, a purported violation of chapter 176D is "evidence of a violation of chapter 93A, § 11." *Peterborough Oil Co., Inc. v. Great Am. Ins. Co.,* 397 F.Supp.2d 230, 244 (D.Mass.2005). Thus, BRPT is entitled to "attempt to state a claim under chapter 93A by alluding to conduct that is impermissible under chapter 176D." *M. DeMatteo Constr. Co.,* 182 F.Supp.2d at 163. As detailed below, BRPT has succeeded in stating a claim.

Metropolitan contends that BRPT has alleged no more than a breach of contract, which is insufficient to state a claim under Chapter 93A. *See Framingham Auto Sales, Inc. v. Workers' Credit Union,* 41 Mass.App.Ct. 416, 418, 671 N.E.2d 963, 965 (1996) ("[A] mere breach of a legal obligation under commercial law, without more, does not amount to an unfair or deceptive act under G.L. c. 93A."). Whether an act is unfair or deceptive, however, "is best discerned from the circumstances of each case." *Kattar v. Demoulas,* 433 Mass. 1, 14, 739 N.E.2d 246, 257 (2000) (citation omitted). Here, the allegations go beyond a "mere breach of contract." For example, but without limitation, BRPT has alleged that Metropolitan's failure to effectuate prompt and adequate settlement of its invoices in which liability has become reasonably clear, and to provide timely notice of its reasons for non-payment, constitute an unfair or deceptive act or practice giving rise to Chapter 93A liability. (Counterclaim ¶¶ 384, 388). Moreover, BRPT has asserted that Metropolitan improperly imposed restraints upon the amounts that skilled medical providers may charge in an open and free market (*id.* ¶ 388(d)); and that Metropolitan's acts were in bad faith and performed willfully, intentionally and

knowingly. (*Id.* ¶¶ 385, 389–90). Some of BRPT's allegations draw directly from the language of ch. 176D and, as detailed above, a violation of ch. 176D can be evidence of a violation of ch. 93A, § 2 and thus actionable under § 11. These allegations are sufficient, at this stage, to state a 93A claim, and BRPT should be permitted to further develop the factual record in support of its claim. *See Kattar,* 433 Mass. at 14, 739 N.E.2d at 257–58 (lawful conduct may nevertheless constitute a 93A violation if done for unlawful purposes), and cases cited.

### D. *Count III*

 BRPT alleges that it is entitled to multiple damages on the ground that Metropolitan's claims against the defendants are frivolous and not advanced in good faith. (Counterclaim ¶¶ 394–95). However, BRPT has failed to identify any legal basis to support its contention. Metropolitan infers that BRPT may be relying upon Mass. Gen. Laws ch. 231, § 6F, referenced in BRPT's Eleventh Affirmative Defense, as a legal theory upon which it is entitled to recover damages for frivolous claims. However, this statute applies "only to cases brought in state courts and does not permit such awards by federal district courts." *Brandon Assocs., LLC v. Fail-Safe Air Safety Sys. Corp.,* 384 F.Supp.2d 442, 445 (D.Mass.2005). Moreover, as

BRPT admitted at oral argument, any claim that the instant suit is frivolous is premature. "Thus, [BRPT] has offered no viable legal basis for an award of costs and fees" and Count III should be dismissed. *Id.* at 445.

### III. *CONCLUSION*

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that Metropolitan's Motion to Dismiss BRPT's Counterclaims (Docket No. 159) be ALLOWED as to Count III and DENIED as to Counts I and II. However, Count I should be limited to a claim under Mass. Gen. Laws ch. 90, § 34M, and Count II should be limited to a claim under Mass. Gen. Laws ch. 93A.[2]

---

**2.** The parties are hereby advised that under the provisions of Fed.R.Civ.P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. *See*

*Keating v. Sec'y of Health & Human Servs.,* 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604–605 (1st Cir.1980); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *see also Thomas v. Arn,* 474 U.S. 140, 153–54, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985). *Accord Phinney v. Wentworth Douglas Hosp.,* 199 F.3d 1, 3–4 (1st Cir.1999); *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–51 (1st Cir.1994); *Santiago v. Canon U.S.A., Inc.,* 138 F.3d 1, 4 (1st Cir. 1998).