Greco, EJ.
Standing in the shoes of Julio Urena (“Urena”), the injured party,[1] Lynn Physical Therapy, Inc. (“Lynn Physical”) brought this action to collect $3,326.50 in personal injury protection (“PIP”) benefits from Safety Insurance Company (“Safety”).[2] The trial judge allowed Safety’s motion for summary judgment, and Lynn Physical has appealed.
In its complaint, Lynn Physical alleged that on May 5,2009, Urena “was an occupant of a motor vehicle that was involved in an accident in Massachusetts or was a pedestrian struck by a motor vehicle in Massachusetts.” It is undisputed that Safety paid Lynn Physical $2,000.00 in PIP benefits, but refused to pay any additional bills on the ground that Urena was required to send his bills for additional medical expenses to any health insurer he had. If he did not have health insurance or if his insurer refused coverage, Urena could then seek additional PIP benefits — a process referred to as the coordination of benefits. See Mejia v. American Cas. Co., 55 Mass. App. Ct. 461, 466 (2002). Lynn Physical claimed, however, that “it had no duty to coordinate benefits, as the patient did not have private health insurance.”
In support of its motion for summary judgment, Safety attached two affidavits. In the first (dated February 1, 2012), Michelle Rasperry (“Rasperry”) swore “under the pains and penalties of perjury, and upon personal knowledge” that she was employed by “Blue Cross Blue Shield of Alabama,” that a “review of the business records of Blue Cross Blue Shield of Alabama evidence [d] that Julio Urena had a health insurance policy which was in effect on May 5, 2009,” that she informed Safety that her company was not “pursuing subrogation for reasons specific to the plan” with Blue Cross Blue Shield of Alabama, and that the Alabama plan “never received any medical bills for treatment rendered to ... *86 Urena, by Lynn Physical Therapy for payment under... Urena’s health insurance policy contract.”
Safety filed a second affidavit signed “under the pains and penalties of perjury, and upon personal knowledge” by Sally Gould (“Gould”), who identified herself as a claims specialist employed by Safety and responsible for adjusting PIP claims. In her affidavit, she referred to various attached exhibits. Gould stated that Urena had purchased a standard Massachusetts automobile insurance policy from Safety with $8,000.00 in available PIP benefits, and that she had “personal knowledge of the contents of the claim filejd] by Julio Arena [sic]” for a “loss on May 4, 2009, Safety’s Claim No. 2000735.” Attached to Gould’s affidavit was an unreadable “Application For Benefits” along with a page headed “PERSONAL INJURY PROTECTION SUPPLEMENT,” purportedly signed by Urena, in which he states that he was “covered by [his] own health policy,” to wit, a Blue Cross Blue Shield policy No. 800218888.
Gould then noted that Safety made two payments for the injuries sustained by Urena — one for $1,854.50 to Lynn Physical and the other for $145.00 to Beth Israel Hospital, for a total of essentially the $2,000.00 necessary to coordinate benefits under any health insurance Urena may have had. The attachment referring to Beth Israel Hospital was also difficult to read. However, Beth Israel Hospital’s heading and references to “emergency services,” and a “Blue Cross estimated payment” on May 8th were legible. Gould further stated that Safely informed Attorney Tom Ambrose (“Ambrose”)[3] of the $2,000.00 in payments, and advised him that any future bills should be sent to Urena’s health insurer; that Safety informed Attorney Jim Ambrose that Urena had notified Safety that he had health insurance with Blue Cross Blue Shield; that Safety responded to Ambrose’s demand letter pursuant to G.L.c. 93A; that Safety made no additional payments to Urena in view of his failure to coordinate benefits; and that she, Gould, confirmed that Urena “had health insurance with Blue Cross Blue Shield of Alabama, which was in effect on the date of loss.”[4]
Lynn Physical countered with an affidavit from Omayra Varquez (“Varquez”), who identified herself as an “employee” and “Authorized Agent of Lynn Physical Therapy, Inc.,” and who stated that Julio Urena received therapy from Lynn Physical for injuries suffered in an automobile accident on May 5,2009. Attached to the affidavit was a document with the heading “AFFIDAVIT OF NO HEALTH INSURANCE,” signed by Julio Urena but not under the pains and penalties of perjury, on which were printed the words, “I was not covered by health insurance at the time of the accident on....” However, no date was filled in. Varquez stated that this document “was made in good faith, in the regular course of business, and before the present lawsuit or the patient’s lawsuit was filed.” Also attached to the affidavit was what appears to be an application for PIP benefits, albeit also difficult to read.
*87 Pursuant to Mass. R. Civ. R, Rule 56(c), summary judgment “shall be rendered forthwith if pleadings, depositions, answers to interrogatories, and responses to requests for admissions... together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Affidavits “shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” Rule 56(e). Upon such a showing being made, the adverse party must, by affidavits or otherwise, “set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.” Id. Any business record referred to in a Rule 56(e) affidavit would “not be inadmissible because it is hearsay or self-serving if the court finds that (i) the entry, writing, or record was made in good faith; (ii) it was made in the regular course of business; (iii) it was made before the beginning of the civil or criminal proceeding in which it is offered; and (iv) it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter.” Mass. G. Evid. §803(6) (A) (2012).
The key issue in the case at bar is whether Urena had his own health insurance. If he did, Safety was not obligated to pay Lynn Physical or Beth Israel Hospital for Urena’s bills once the $2,000.00 PIP threshold was reached. Rasperry’s affidavit is not very definitive. She does not appear to be the keeper of the records for Blue Cross Blue Shield of Alabama. In any event, she seems to be interpreting the records of Blue Cross Blue Shield of Alabama as opposed to simply stating what they said. Moreover, her affidavit is dated approximately nine months after Lynn Physical’s complaint was filed in this action, and there is no indication of the date of the business records of Blue Cross Blue Shield of Alabama upon which she relied. Gould’s affidavit is also dated after this litigation commenced. While she is not a keeper of the records, as a claims adjuster, she would be in a position to have personal knowledge of Urena’s file. She “confirmed that Julio Arena [sic] had health insurance” in Alabama, “which was in effect on the date of the loss.” The only evidence in the record indicating how that information was conveyed to her was a form appended to her affidavit, labeled as a “PERSONAL INJURY PROTECTION SUPPLEMENT,” signed by Urena on May 15, 2009 on which there was a check mark beside the words, “I am covered by my own health insurance.”
Thus, we have Urena having it both ways, depending on the authenticity of the records.
While arguably Safety may have made a stronger case for summary judgment, in assessing Rule 56 submissions, a “court is not to pass on the credibility of the witnesses or on the weight of the evidence.” Attorney Gen. v. Brown, 400 Mass. 826, 832 (1987). Moreover, “[a] judge’s mere belief that the movant is more likely to prevail at trial is not a sufficient basis for granting summary judgment.” Flesnerv. Technical Communications Corp., 410 Mass. 805, 809 (1991). See also Goulart v. Canton Hous. Auth., 57 Mass. App. Ct. 440, 441 (2003). In these circumstances, we conclude that as general issues of material fact remain to be *88 resolved in this case, Safety’s motion for summary judgment should have been denied.
The summary judgment for the defendant is vacated, and this case is returned to the Lynn Division of the District Court Department for trial.
So ordered.

 See Boehm v. Premier Ins. Co., 446 Mass. 689, 691 (2006).

 The complaint was filed on May 9, 2011.

 It can be inferred that Safety considered Ambrose to be Urena’s attorney on this claim.

 Copies of these communications were appended to Gould’s affidavit.