Finnerty, J.
Following the presentation of the plaintiffs case in a jury trial, the trial judge granted the defendant’s motion pursuant to Mass. R. Civ. P., Rule 50(a), for a directed verdict. The plaintiff appeals, and we reverse.
Plaintiff Robert A. Lapuck, D.C. (“Lapuck”), a chiropractor, alleged that he provided services to one Dowling who was involved in a motor vehicle collision on June 20, 2008. The vehicle was at the time insured by defendant Commerce Insurance Company (“Commerce”) under a standard Massachusetts automobile insurance policy, which provided for personal injury protection (“PIP”) benefits as required by law.[1] Lapuck alleged in this suit that he was an unpaid provider of treatment to Dowling and was due benefits under the policy. Commerce had paid Lapuck for some of his treatment, but after having its expert review the treatment records, it determined that only a portion of them were reasonable or causally related to the covered loss.
General Laws c. 90, §34M provides that any unpaid provider shall be deemed a party to the insurance contract and may file an action in contract to recover any benefits due. No assignment or other authority is necessary to allow the treatment provider to file suit in the provider’s own name for such unpaid benefits claimed to be due. The provider is not required to prove that it is a third-party beneficiary of the insurance contract. See Boehm v. Premier Ins. Co., 446 Mass. 689, 690-691 (2006).
Commerce’s written motion for a directed verdict asserted that Lapuck had not proved by a preponderance of the evidence: 1) that an automobile accident occurred; 2) that Dowling occupied a vehicle insured by Commerce at the time of the accident; 3) that the injuries were causally related to the accident; 4) that the treatment of Dowling was medically necessary; 5) the existence of the insurance policy; 6) that the charges to Dowling were reasonable; 7) that Commerce had failed to pay all reasonable expenses for necessary services as a result of the accident; 8) that the reasonable value of the services rendered exceeded the amount paid by Commerce; and 9) the nature and extent of the loss suffered.
The evidence at the close of the plaintiff’s case included Commerce’s answers to interrogatories acknowledging that it insured the vehicle of Dowling on the date of the accident, June 20,2008, and that the policy provided $8,000.00 in PIP coverage. Commerce at trial then stipulated that at the time of the accident in question, “there was insurance *42 on the vehicle.” The applicable policy was also introduced as a trial exhibit[2] The jury then heard the testimony of Kathleen Bourdon, a claims adjuster for Commerce who handled the claim. During her testimony, the application for PIP benefits filed by the injured Dowling was admitted as a trial exhibit notwithstanding the defendant’s hearsay objection. Commerce’s adjuster also acknowledged bills received from Lapuck, and medical records and bills of Dowling were accepted as a trial exhibit[3] The claims adjuster acknowledged paying part of the bills for Dowling’s treatment as a result of the June 20, 2008 accident Commerce, through its adjuster’s testimony, acknowledged having sent the submitted bills and records for review by its own expert, and that based on that review, it paid only a portion of the submitted bills. The evidence also included so-called Form 444 as well as a letter in which Commerce explained to Lapuck its reasons for not honoring payments beyond the $1,947.25 it had paid to him.[4]
A motion for directed verdict is properly granted only where the evidence construed most favorably to the plaintiff is insufficient to support a verdict in his favor. Alholm v. Town of Wareham, 371 Mass. 621, 627 (1976); DiMarzo v. S. & P. Realty Corp., 364 Mass. 510, 514 (1974). More specifically, the test is stated as whether “anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.” Raunela v. Hertz Corp., 361 Mass. 341, 343 (1972), quoting Kelly v. Railway Express Agency, Inc., 315 Mass. 301, 302 (1943). That the inferences be reasonable requires that they be based on “probabilities rather than possibilities” and not result from “mere speculation and conjecture.” Alholm, supra at 627. See Power Serv. Supply, Inc. v. E. W. Wiggins Airways, Inc., 9 Mass. App. Ct. 122, 127 (1980).
The hearing on Commerce’s directed verdict motion focused mainly upon the need for an assignment of benefits by Dowling to Lapuck. At the hearing, counsel for Commerce noted that the medical records included an assignment of benefits, and he objected to that assignment being presented to the jury, in part, because it was not authenticated.[5] The court agreed and further found that because no one was there to authenticate it, it was inadmissible and the defendant was entitled to judgment The assignment was not necessaiy proof according to the plain language of the statute, and it was error to grant *43 Commerce’s motion on that basis. Commerce raised other issues in its written motion, and because the motion was endorsed only as “allowed,” we examine the record to see whether tile directed verdict was warranted based on any other ground.
We conclude that there was sufficient evidence presented by the plaintiff, such that the defendant was not entitled to a directed verdict and the motion should have been denied.
The policy was conceded; the PIP application provided evidence regarding the covered accident; and the medical bills and treatment records, certified under G.L.c. 233, §79G, satisfied the plaintiffs burden of proving that the treatment and charges were reasonable and causally related to the June 20,2008 covered accident. See Salafia v. Arbella Mut. Ins. Co., 2002 Mass. App. Div. 165, 167, and cases cited therein. Those exhibits, the testimony of Commerce’s claims adjuster, evidence of payments made by Commerce to Lapuck for Dowling’s treatment, and Commerce’s correspondence to Lapuck would allow the jury to draw reasonable inferences regarding the relationship between the policy, the accident, and the treatment for which Lapuck sought payment. Commerce argues on appeal that because Lapuck did not personally render some treatment and there was no evidence of an assignment from Dr. Denning, who did, that Lapuck’s proof failed. However, the treatment bills were, in some instances, signed by Dr. Denning with the billing provider listed as Robert Lapuck, D.C. The jury could reasonably infer based on that evidence that Dr. Denning was affiliated with Lapuck.[6]
Accordingly, the judgment for the defendant is vacated, the allowance of the defendants motion for a directed verdict is reversed, and this case is returned to the Brockton District Court for a new trial.

 See G.L.c. 90, §34M.

 Although the standard Massachusetts automobile insurance policy was introduced as a trial exhibit, that was not necessary, as once the existence of the policy was established, the terms and conditions are set forth in G.L.c. 90, §34M. Sonogram of New England, Inc. v. Metropolitan Prop. & Cas. Ins. Co., 2002 Mass. App. Div. 68,70.

 Those records were said to be admitted de bene, but they were actually admitted subject to later sanitization based on Commerce’s objection to the admission of the assignment of benefits form, which was attached, on the ground that it was not a medical record, the end result being that only the assignment was ultimately not admitted.

 Correspondence to Lapuck from Commerce, dated February 10, 2009, was a trial exhibit and detailed to Lapuck the reason that, following its expert’s review, Commerce was disputing the reasonableness and causal relationship of the treatment to the covered accident

 The records and bills were submitted as one package, certified under G.L.c. 233, §79G, which also contained the assignment of benefits from Dowling to Lapuck to which Commerce objected. Our determination of this case does not require us to address the trial judge’s evidentiary ruling regarding the assignment See note 3, supra.

 Some of the records are under the name of Brockton Chiropractic. Commerce raises for the first time on appeal and makes much in its brief of whether a business certificate was filed by Lapuck pursuant to G.L.c. 110, §5. Whether Lapuck was required to file one and whether he did or did not, it does not bar this suit or affect our determination of the appeal.