264                                   451 Mass. 264 (2008)

Enterprise Rent-A-Car Company of Boston, Inc. *v.* Arbella Mutual Insurance Company.

Enterprise Rent-A-Car Company of Boston, Inc. *vs.*
Arbella Mutual Insurance Company & another.[1]

Suffolk. March 4, 2008. - April 23, 2008.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cordy, & Botsford, JJ.

*Insurance,* Motor vehicle insurance, Motor vehicle personal injury protection
benefits, Subrogation. *Subrogation. Motor Vehicle,* Insurance.

The determination whether a self-insured owner of a rental vehicle was entitled
to subrogation benefits under G. L. c. 90, § 34M, fifth par., was a question
of law appropriate for a court, and not an arbitrator, to decide. [266-267]

The plain language of G. L. c. 90, § 34M, fifth par., entitled a self-insured
owner of a rental vehicle to seek subrogation against the personal automobile
insurance carrier of the operator of the vehicle, for personal injury protec-
tion benefits that the owner had paid to three injured passengers as a result
of an accident that was the fault of the operator. [267-269]

Civil action commenced in the Superior Court Department on
June 18, 2004.

The case was heard by *Charles T. Spurlock,* J., on a motion
for summary judgment, and entry of a separate and final judg-
ment was ordered by *Regina L. Quinlan,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Thomas P. Lane, Jr.,* for the plaintiff.

*Gregory K. Lyon* for Metropolitan Property and Casualty
Insurance Company.

Greaney, J. We transferred this appeal here on our own mo-
tion to decide whether a self-insured owner of a rental vehicle,
Enterprise Rent-A-Car Company of Boston, Inc. (Enterprise),
may seek subrogation under G. L. c. 90, § 34M, fifth par.,[2]

---

[1]Metropolitan Property and Casualty Insurance Company.

[2]General Laws c. 90, § 34M, fifth par., provides:

"Any insurer paying benefits in accordance with the provisions of
this section shall be subrogated to that exact extent to the rights of any

against the personal automobile insurance carrier of the operator of its vehicle, Metropolitan Property and Casualty Insurance Company (Metropolitan), for personal injury protection (PIP) benefits it paid. We conclude that the statute grants a right of subrogation to an insurer that pays compulsory PIP benefits and that Enterprise may seek subrogation under the statute.

The following facts are undisputed. In June, 2001, Joseph Navis (Navis) rented an automobile from Enterprise. Enterprise owned and self-insured the automobile. Pursuant to the requirements of G. L. c. 90, §§ 1A, 32E, and 34M, Enterprise maintained a standard Massachusetts automobile insurance policy, which included PIP benefits, that covered the automobile that Navis rented. Enterprise did not maintain optional bodily injury coverage for guest passengers.

While operating the Enterprise automobile, Navis was involved in an accident with another automobile that was owned by Nguyen Thi Phan (Phan).[3] At the time of the accident, both Navis and Phan maintained standard Massachusetts automobile insurance policies that included PIP benefits. Navis's policy was with Metropolitan; Phan's policy was with Arbella Mutual Insurance Company (Arbella).

Navis as well as three passengers in the automobile with him sustained personal injuries in the accident. Enterprise paid the three passengers a total of $16,171.60 in PIP benefits.

party it pays and may bring an action in tort against any person liable for such damages in tort who is not exempt from said liability as a result of the provisions of this section; provided, however, that no insurer shall reduce or limit the amount of liability insurance otherwise available to an injured person as a result of such subrogation. Said insurer is also hereby given the right to make claim for all expenses it incurs on account of such payments, including the net amount of benefits paid, costs of processing claims for any such benefits, and the expenses of enforcing this right, against any other insurer providing a motor vehicle liability policy or bond on a motor vehicle registered in this commonwealth, whose owner or operator would, except for the exemption from tort liability provided in this section, be liable for such damages in tort. Determination as to whether any insurer is legally entitled to recover any such expense from another insurer shall be made by agreement between the involved insurers, or, if they fail to agree, by arbitration in accordance with the provisions of the General Laws."

[3]Liability for the cause of the accident, that is, who was at fault, is disputed. The issue will be decided in an arbitration proceeding.

Enterprise filed an application for the appointment of an arbitrator under G. L. c. 251, in the Superior Court, seeking to compel arbitration on the issue of entitlement to subrogation from Metropolitan or Arbella under G. L. c. 90, § 34M, for the PIP benefits it paid to Navis's three passengers.[4] Metropolitan moved for summary judgment, which was granted. The judge found that Metropolitan was entitled to summary judgment, reasoning that Enterprise could not "seek to have Metropolitan pay for the PIP benefits of . . . the passengers simply because Metropolitan is Navis'[s] personal insurer."

To permit Enterprise to appeal from the judge's summary judgment order, Enterprise and Arbella executed, pursuant to Mass. R. Civ. P. 41 (a) (1) (ii), 365 Mass. 803 (1974), a stipulation of dismissal without prejudice as to Arbella. In the stipulation, Arbella agreed to participate in future arbitration if, following Enterprise's appeal, a court ordered Metropolitan to arbitrate the dispute. Enterprise and Metropolitan filed an assented-to motion for the entry of a separate and final judgment pursuant to Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), which was granted. Judgment entered dismissing the complaint against Metropolitan, from which Enterprise appealed. As has been stated, we transferred the case here on our own motion.

1. Enterprise's contention that the determination, whether it is entitled to subrogation under G. L. c. 90, § 34M, fifth par., from Metropolitan, has to be made by an arbitrator and not by a court, is not persuasive. Enterprise does not suggest that it had an agreement to arbitrate with Metropolitan. Instead, Enterprise relies on a portion of G. L. c. 90, § 34M, fifth par., see note 2, *supra*, which states: "Determination as to whether any insurer is legally entitled to recover any such expense from another insurer shall be made by agreement between the involved insurers, or, if they fail to agree, by arbitration in accordance with the provisions of the General Laws." When read in context with the preceding sentences in § 34M, fifth par., the issue whether Enterprise is "legally entitled to recover" PIP payments from Metropolitan pertains to the issue of liability, or fault, for the underlying automobile accident. The statute makes clear that subrogation is conditioned on the liability (which would exist if not for the

---

[4]Enterprise has never sought to recover PIP benefits paid to Navis.

limited exemption set forth in the statute[5]) of the owner or operator of a motor vehicle involved in an accident.

Here, the judge was faced with a different issue, namely, whether (assuming, but not deciding, Navis's liability for the accident) Enterprise could recover the payment of Navis's passengers' PIP benefits from Navis's automobile insurance carrier (Metropolitan) under G. L. c. 90, § 34M, fifth par. This determination involves a question of law under the statute, which is similar to a question concerning coverage or scope of insurance. Such matters are appropriate for a court to decide. See *Spaneas* v. *Travelers Indem. Co.*, 423 Mass. 352, 354 (1996), and cases cited. The issue whether Enterprise could seek subrogation under the statute was not one required to be submitted to arbitration.

2. We now turn to the issue of subrogation. Automobile rental companies, such as Enterprise, are required by statute to provide PIP benefits to guest occupants of its motor vehicles. See G. L. c. 90, § 32E ("Every lessor shall provide and maintain, during such time as he engages in the business of leasing motor vehicles . . . a motor vehicle liability policy or bond . . ."); *id.* at § 34M, first par. ("Every motor vehicle liability policy and every motor vehicle liability bond . . . shall provide personal injury protection benefits . . ."); *id.* at § 34A (including "[g]uest occupant" in class of persons required to be covered by personal injury protection benefits). Enterprise is the primary insurer of PIP benefits for Navis and the three passengers in its automobile.

---

[5]The payment of PIP benefits "are granted in lieu of damages otherwise recoverable by the injured person or persons in tort as a result of an accident occurring within this commonwealth." G. L. c. 90, § 34M, first par. The statute expressly provides a limited exemption from tort liability in circumstances where an injured party is entitled to recover PIP benefits from an insurer. *Id.* at § 34M, second par. This statutory exemption provides:

"Every owner, registrant, *operator* or occupant of a motor vehicle to which personal injury protection benefits apply *who would otherwise be liable in tort* . . . is hereby made exempt from tort liability for damages because of bodily injury . . . arising out of the ownership, operation, maintenance or use of such motor vehicle to the extent that the injured party is . . . entitled to recover under those provisions of a motor vehicle liability policy or bond that provide personal injury protection benefits or from the insurer assigned" (emphasis added).

*Id.*

Enterprise is not attempting to avoid its obligation to pay compulsory PIP benefits but, rather, is seeking to recover the PIP benefits paid to the three passengers from the personal automobile insurer of the operator (Navis) at fault for the accident. Enterprise contends that it may do so under G. L. c. 90, § 34M, fifth par. We agree.

General Laws c. 90, § 34M, fifth par., provides, in pertinent part:

> "*Any insurer paying benefits* in accordance with the provisions of this section *shall be subrogated to that exact extent to the rights of any party it pays* and may bring an action in tort against any person liable for such damages in tort who is not exempt from said liability . . . . *Said insurer is also hereby given the right to make claim for all expenses it incurs* on account of such payments, including the net amount of benefits paid, costs of processing claims for any such benefits, and the expenses of enforcing this right, *against any other insurer providing a motor vehicle liability policy* or bond on a motor vehicle registered in this commonwealth, *whose owner or operator would, except for the exemption from tort liability provided in this section, be liable for such damages in tort.*" (Emphases added.)

"Where the language of a statute is plain, it must be interpreted in accordance with the usual and natural meaning of the words." *Boehm* v. *Premier Ins. Co.*, 446 Mass. 689, 690 (2006), quoting *Gurley* v. *Commonwealth*, 363 Mass. 595, 598 (1973), and cases cited. The directive of § 34M, fifth par., is unambiguous. The provision expressly authorizes Enterprise as an "insurer paying benefits" to seek subrogation ("shall be subrogated" and "is . . . given the right to make claim for all expenses") against "any other insurer." Contrary to the suggestion by Metropolitan, it is of no legal significance that Navis's passengers had no right to PIP benefits from Metropolitan as a primary insurer. Enterprise is not attempting to avoid its obligation to initially provide PIP benefits to such passengers as a primary insurer. Metropolitan's suggestion also ignores the express language of § 34M, fifth par., permitting subrogation "against any other insurer providing a motor vehicle liability policy . . . whose owner or operator would, except for the exemption from tort liability provided in this section, be liable

for such damages in tort." Subrogation comes into play only where another insurer's owner or operator is at fault for the accident. Thus, assuming (without deciding) that Navis is at fault and liable for the automobile accident, the statute authorizes Enterprise to pursue a subrogation action against Navis's personal automobile insurer (Metropolitan).[6]

We reject Metropolitan's suggestion that our interpretation effectively results in an exception to the compulsory liability insurance scheme by relieving rental companies of the obligation to provide PIP benefits to passengers as long as the rentee has his or her own personal coverage. The argument overlooks the fact that a subrogation claim may only proceed when it has been determined that the rentee was liable (at fault) for the accident. The party seeking subrogation may not necessarily prevail in establishing such liability. Further, not all rentees will have a personal Massachusetts automobile insurance policy. We conclude that Enterprise can maintain a subrogation claim against Metropolitan under G. L. c. 90, § 34M, fifth par.

3. The order allowing Metropolitan's motion for summary judgment and the entry of a separate and final judgment dismissing the complaint as to Metropolitan are vacated. The case is remanded to the Superior Court for further proceedings on Enterprise's application for arbitration.

*So ordered.*

---

[6]If Phan is determined to be at fault and liable for the accident, Enterprise may pursue its subrogation claim against Arbella.