Driscoll, PJ.
Plaintiff, Barron Chiropractic & Rehabilitation, EC. (“Barron”), appealed the trial judge’s allowance of a motion for summary judgment pursuant to Mass.R.Civ.P., Rule 56 filed by Enterprise Rent A Car Company of Boston, Inc. (“Enterprise”), Defendant. Barton also appeals the trial judge’s denial of Plaintiff’s cross-motion for summary judgment pursuant to Mass.RCiv.P., Rule 56. The primary issue on appeal is whether the trial judge erred in granting Enterprise’s motion for summary judgment and denying Barron’s motion for the assessment of attorney fees. For the reasons stated below, we reverse the trial judge’s allowance of Enterprise’s motion for summary judgment and affirm his denial of Barron’s cross-motion for summary judgment.
PROCEDURAL HISTORY:
Barron filed suit against Enterprise to collect outstanding Personal Injury Protection (“PIP”) benefits pursuant to M.G.L.c. 90, §34M. It also alleged that the denial of such benefits was a violation of M.G.Lx. 93A, §11. The action stemmed from chiropractic treatment rendered to one Clairemont Lockhart (“Lockhart”). Lockhart was injured in an automobile accident while a passenger in a rental car owned by Enterprise. The accident occurred on December 3,2005 in Brooklyn, New York.
Following the accident Barron treated Lockhart chiropractically. On March 3, 2006, Lockhart’s counsel sent the requisite documents to Enterprise supporting the payment of PIP benefits. Barron’s total medical bills for treatment rendered to Lockhart totalled $2,780.00. Under M.G.L.c. 90, §34M, an insurer has a reasonable time to tender payment of PIP benefits determined to be due or to deny them. Enterprise did not pay the benefits and denied Lockhart’s PIP claim on the basis that Lockhart was not a Massachusetts resident at the time of the accident.
Barron filed its action against Enterprise on or about November 14, 2007. Approximately four months after Enterprise was served with process, it tendered full payment of outstanding PIP benefits stemming from Lockhart’s treatment to Barron. Despite the outstanding bill having been satisfied, Barron sought interest on the $2,780 and all attorney’s fees and expenses associated with the necessity of *216 having placed the case in suit
After tendering payment, Enterprise moved for summary judgment on all counts of Barron’s complaint. Barron opposed Enterprise’s motion for summary judgment and filed a cross-motion for summary judgment. Enterprise opposed Barron’s cross-motion. The trial judge allowed Enterprise’s motion for summary judgment and denied Barron’s cross-motion for summary judgment. Barron filed a timely notice of appeal.
KITTING OF LAW:
We find that the court erred in allowing defendant’s motion for summary judgment on plaintiff’s M.G.L.C. 90, §34M and c. 93A, §11 claim. Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and responses to requests for admission, together with affidavits, show that there are no genuine issues as to any material fact and that, as a consequence, the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P., Rule 56(c).
When the court evaluates the materials accompanying a motion for summary judgment, all inferences to be drawn from the underlying facts must be must be viewed in the light most favorable to the party opposing the motion. Hub Associates v. Goode, 357 Mass. 449, 451 (1970). When ruling on a summary judgment the court should only “determine whether a genuine issue of material fact exist[sj.” Attorney General v. Bailey, 386 Mass. 367, 370-71 (1982), quoting H & M Cake Box, Inc. v. Bakery & Confectionery Workers, Int'l Union, Local 45, 454 F.2d 716, 719 (1st Cir. 1972).
It is well established that in Massachusetts, automobile rental companies are required by statute to provide personal injury protection (PIP) benefits to guest occupants of its motor vehicles. M.G.L. c. 90, §32E; Enterprise Rent A Car v. Arabella Mut., 451 Mass. 264, 267 (2008).
M.G.L.c. 93A, §11 prohibits “unfair method [s] of competition or... unfair or deceptive act[s] or practice[s].” Whether conduct by an insurer constitutes what is unreasonable, or what is unfair or deceptive in the circumstances of a particular case, is a question of fact for a trial court. Spence v. Boston Edison Co., 390 Mass. 604, 616 (1983); Provenzano v. Plymouth Rock Assurance Corp., 2008 Mass. App. Div. 68, 70 (2008). It is not a defense to a c. 93A, §11 claim that the Defendant’s conduct was negligent (essentially due to inexperienced and unsupervised employees) rather than intentional. Linthicum v. Archambeault, 379 Mass. 381, 388 (1979).
It is not unreasonable when an insurer seeks and relies upon an opinion from outside counsel regarding its liability under the policy. Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co., 406 Mass. 7, 14 (1989). M.G.L.c. 93A, §11 has been interpreted to provide a remedy of multiple damages where an insurer forces plaintiff to litigate clearly valid claims. R. W. Granger & Sons, Inc. v. J & S Insulation, Inc., 435 Mass. 66, 78 (2001).
Barron does not dispute that Enterprise tendered payment before trial began, but it claims that Enterprise, by unfairly and/or deceptively withholding payments, forced it into litigation to collect their PIP payments. Enterprise’s position for withholding the PIP benefits was that, at the time of the accident, Lockhart was not a resident of Massachusetts. Enterprise, without consulting with legal counsel, concluded that only Massachusetts residents were entitled to PIP benefits.
Even if it were the case that only Massachusetts residents were entitled to PIP *217 benefits, it is uncontroverted that Lockhart was a resident of Dorchester, MA. His residency was established by documents submitted to Enterprise giving an address in Dorchester for Lockhart. Enterprise believed that Lockhart’s medical records created a discrepancy in his residence at the time of the accident. These records refer to Lockhart as a “St. Vincent male.”[1] No other address except the one in Dorchester, MA is provided. As such, for the purposes of a motion for summary judgment, it is not now in dispute that Lockhart was a Massachusetts resident.
Enterprise claims that its position regarding their interpretation of the statute is analogous to that of the defendant in Boston Symphony Orchestra, supra. We find Enterprise’s position distinguishable. In Boston Symphony, the insurer sought and relied upon the legal opinion of outside counsel. The court ruled that its counsel’s interpretation of the law was not unreasonable. In the present case, Enterprise did not seek the opinion of outside counsel until after Barron filed its suit. Furthermore Enterprise’s misinterpretation was not that of a particularly complex area of law, but rather one very pertinent in the business in which Enterprise engages in on a day-to-day basis.
Enterprise also claims that the court should adopt the same rationale as the recent decision in Provenzano, supra, where the court found the tendering of payment to avoid litigation constituted a business decision and therefore could not be construed as a violation of M.G.L.C. 93A, §11. We find the decision in Provenzano to be distinguishable from the case at hand. In Provenzano, the insurer withheld payment in order to conduct an independent medical examination (IME) and review the medical history records of the patient. Enterprise’s only reason for withholding payment in this case was its own unreasonable belief that Lockhart was not a resident of Massachusetts. That misunderstanding arguably forced Barron into litigation in order to recover the PIP payments to which they believed they were entitled.
We are hindered on this appeal because the trial judge did not make written findings in support of his allowance of Enterprise’s motion for summary judgment. Nevertheless, after considering the briefs for both parties and the appendix from the trial court, we find that Barron’s appeal merits a remand to the trial court for further proceedings. Accordingly, we vacate the order allowing the defendant’s motion for summary judgment, but we affirm the order denying the plaintiff’s cross-motion for summary judgment and remand this matter for further action consistent with this decision.
So ordered.

 Lockhart is apparently a native of St. Vincent in the Virgin Islands.